IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

EDWARD HOLMES, )
)
        Plaintiff, )
)
    v. )
)
WILL COUNTY SHERIFF BRENDAN D. )
WARD, in his official capacity, )
Unknown WILL COUNTY ADULT )
DETENTION FACILITY HEALTH CARE )
PROVIDERS, and unknown WILL )
COUNTY ADULT DETENTION FACILITY )
CORRECTIONAL OFFICERS, )
)
        Defendants. )

02C 7266

JUDGE LINDBERG

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

JURY TRIAL DEMANDED

DOCKETED
OCT 11 2002

COMPLAINT

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, WILL COUNTY SHERIFF BRENDAN D. WARD, sued in his official capacity, WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS, and unknown WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS, sued in their individual capacities, states as follows:

Introduction

1.    This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

Jurisdiction and Venue

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial

district, and the events giving rise to the claims asserted herein all occurred within district.

### Background

4. Plaintiff, Edward Holmes, lives in Joliet, Illinois, where he resides with his wife and step-son.

5. In September of 2001, Plaintiff was detained in the Will County Adult Detention Facility (hereafter, "WCADF"), awaiting a criminal court's recommendation that he be allowed entry into a drug counseling and rehabilitation program *in lieu* of sentencing for a non-violent drug possession offense.

6. On or about September 15, 2001, Plaintiff began to experience great pain and swelling in his abdomen. Immediately thereafter, Plaintiff, who had previously undergone surgery for a gastrointestinal condition, made repeated requests for medical attention to both Unknown WCADF Correctional Officers (hereafter, "Correctional Officers"), and Unknown WCADF Health Care Providers (hereafter, "Health Care Providers").

7. Plaintiff's repeated requests for medical attention were largely ignored; on the few occasions Plaintiff was attended to, the care provided was wholly and manifestly inadequate in light of his condition.

8. Specifically, Plaintiff suffered extreme pain and a profoundly distended stomach. To wit, in approximately one month, his waist had expanded from 32 inches to 44 inches due to his condition.

9. Plaintiff was released from the WCADF on or about October 14, 2002, whereupon he was immediately admitted to a

2

local hospital for emergency treatment, including multiple surgeries, for his condition.

10. Plaintiff was confined to a hospital for nearly four months as the result of the exacerbation of his condition.

Count I -- 42 U.S.C. § 1983

Denial of Medical Attention

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

12. As described more fully above, while Plaintiff was incarcerated at the WCADF, the Defendants failed to provide him with adequate medical attention.

13. In this manner, the conduct of the Correctional Officers and Health Care Providers was objectively unreasonable and deliberately indifferent to Plaintiff's objectively serious medical needs.

14. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

15. The actions of the Correctional Officers and Health Care Providers proximately caused the injuries suffered by Plaintiff.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, which operates the Will County Adult Detention Center, and for which Will County Sheriff Brendan D. Ward is responsible, in that:

3

a. As a matter of both policy and practice, the Will County Sheriff's Department directly encourages, and is thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its correctional officers and health care providers such that its failure to do so manifests deliberate indifference. Specifically, these correctional officers and health care providers provide woefully inadequate medical attention to inmates of the WCADF who are in need;

b. As a matter of both policy and practice, the Will County Sheriff's Department facilitates the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of correctional officers and health care providers' failure to provide adequate medical attention to inmates of the WCADF, thereby leading correctional officers and health care providers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, correctional officers and health care providers at the WCADF violate the constitutional rights of citizens by failing to provide adequate medical attention in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Will County Sheriff's Department makes findings of wrongdoing in a disproportionately small number of cases;

4

d. Policy-makers with final policy-making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the WCADF, by which correctional officers and health care providers fail to report the failure to provide detainees with adequate medical attention, such as the failure at issue in this case; and

e. The Will County Sheriff's Department has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

17. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to pain and injury and emotional distress.

COUNT II -- 42 U.S.C. § 1983

Cruel and Unusual Punishment

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. As described in the preceding paragraphs, the failure of the unknown Health Care Providers and Correctional Officers, acting under color of law, to provide Plaintiff with adequate medical attention constituted cruel and unusual punishment.

20. As a result of the unknown Health Care Providers and Correctional Officers' unjustified and unconstitutional

conduct, Plaintiff has suffered pain and injury, as well as emotional distress.

21. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County Sheriff's Department in the manner described more fully above.

## COUNT III - State Law Claim
### Intentional Infliction of Emotional Distress

24. Each of preceding paragraphs is incorporated as if restated fully herein.

25. As described more fully in the preceding paragraphs, the unknown Correctional Officers and Health Care Providers engaged in extreme and outrageous conduct with respect to Plaintiff, to wit, they refused to provide him with adequate medical attention despite his objectively serious need.

26. This misconduct described in this Count was rooted in an abuse of power or authority.

27. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

### Count IV – State Law Claim
### Respondeat Superior

30. Each of preceding paragraphs is incorporated as if restated fully herein.

31. In committing the acts alleged in the preceding paragraphs, each of the unknown Correctional Officers and Health Care Providers were members of, and agents of, the Will County Sheriff's Department, for which Will County Sheriff Brendan D. Ward is responsible, acting at all relevant times within the scope of their employment.

32. Defendant Will County Sheriff Brendan D. Ward is a principal liable for all torts committed by his agents.

### COUNT V – State Law Claim
### Indemnification

33. Each of preceding paragraphs is incorporated as if restated fully herein.

34. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. The unknown Correctional Officers and Health Care Providers were employees of the Will County Sheriff's Department,

for which Will County Sheriff Brendan D. Ward is responsible, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, EDWARD HOLMES, respectfully requests that this Court enter judgment in his favor and against Defendants, WILL COUNTY SHERIFF BRENDAN D. WARD, sued in his official capacity, WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS, and unknown WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the unknown WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS and WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS in their individual capacities.

## JURY DEMAND

Plaintiff, EDWARD HOLMES, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**Plaintiff(s):** EDWARD HOLMES

**Defendant(s):** WILL COUNTY SHERIFF BRENDAN D. WARD, in his official capacity, Unknown WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS, and unknown WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS

County of Residence:

County of Residence: WILL

Plaintiff's Atty: LOEVY & LOEVY
312 North May Street
Suite 100
312-243-5900

Defendant's Atty:

**02C 7266**

**JUDGE LINDBERG**

**MAGISTRATE JUDGE GERALDINE SOAT BROWN**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties (Diversity Cases Only)
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **440 Other Civil Rights**

VI. Cause of Action: **42 U.S.C. Section 1983**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand:
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _____ 10/9/2

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                      10/9/2002

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

EDWARD HOLMES,
       Plaintiff
v.
WILL COUNTY SHERIFF BRENDAN D. WARD, et al,
       Defendants

**DOCKETED** OCT 1 1 2002

Case Number: **02C 7266**

JUDGE LINDBERG
MAGISTRATE JUDGE GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

EDWARD HOLMES

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jon Loevy | NAME: Arthur Loevy |
| FIRM: Loevy & Loevy | FIRM: same |
| STREET ADDRESS: 312 North May Street, Suite 100 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60607 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 243-5900 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES ✓ NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES ✓ NO |
|  | DESIGNATED AS LOCAL COUNSEL? YES ✓ NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Michael Kanovitz | NAME: Jon Rosenblatt |
| FIRM: same | FIRM: same |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES ✓ NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES ✓ NO |
| DESIGNATED AS LOCAL COUNSEL? YES ✓ NO | DESIGNATED AS LOCAL COUNSEL? YES ✓ NO |

