IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED DEC 3 0 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EDWARD HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 7266 |
| vs. ) | |
| ) | |
| WILL COUNTY SHERIFF BRENDAN D. WARD, ) | Judge Lindberg |
| in his official capacity, Unknown WILL COUNTY ) | Mag. Judge Geraldine Brown |
| ADULT DETENTION FACILITY HEALTH CARE ) | |
| PROVIDERS, and unknown WILL COUNTY ADULT ) | JURY TRIAL DEMANDED |
| DETENTION FACILITY CORRECTIONAL OFFICERS, ) | |
| ) | |
| Defendants. ) | |

DOCKETED DEC 3 1 2002

### NOTICE OF FILING

TO: Mr. Jon Loevy, Loevy & Loevy, 312 North May Street, Suite 100, Chicago, IL 60607

**PLEASE TAKE NOTICE** that on December 30, 2002, we filed with the Clerk of the of the United States District Court, Northern District of Illinois, Eastern Division, Everett McKinley Dirksen Building, Chicago, Illinois, Defendant Will County Sheriff Brendan D. Ward's Answer to Plaintiff's Complaint.

A copy is attached hereto and herewith served upon you.

_____
JASON W. ROSE, One of the
Attorneys for the Defendants

JAMES G. SOTOS
JASON W. ROSE
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
P. O. Box 4109
Itasca, IL 60143-4109
(630) 773-4774



STATE OF ILLINOIS )
) SS.
COUNTY OF DUPAGE )

## PROOF OF SERVICE

I, Kathleen R. Davidson, a non-attorney, on oath, state: I served this Notice of Filing and its attachment on the attorneys of record, as shown, by depositing a copy of same, with the proper postage prepaid, in the U.S. Mail at 333 Pierce Road, Itasca, IL 60143, on December 30, 2002, by 5:00 p.m.

_____
Kathleen R. Davidson

SUBSCRIBED and SWORN to before

me this 30th day of December, 2002.

_____
NOTARY PUBLIC

OFFICIAL SEAL
LINDA R BUDNER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06/08/06

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 7266 |
| vs. | ) |
| | ) Judge Lindberg |
| WILL COUNTY SHERIFF BRENDAN | ) |
| D. WARD, in his official capacity, Unknown | ) Magistrate Judge Geraldine Brown |
| WILL COUNTY ADULT DETENTION | ) |
| FACILITY HEALTH CARE PROVIDERS, | ) |
| and unknown WILL COUNTY ADULT | ) JURY TRIAL DEMANDED |
| DETENTION FACILITY CORRECTIONAL | ) |
| OFFICERS, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED DEC 31 2002**

**FILED DEC 30 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

### DEFENDANT WILL COUNTY SHERIFF BRENDAN D. WARD'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, BRENDAN D. WARD, in his official capacity as Will County Sheriff, by and through his attorneys, JAMES G. SOTOS and JASON W. ROSE of HERVAS, SOTOS, CONDON & BERSANI, P.C., in answer to Plaintiff's Complaint states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** The Defendant neither admits nor denies the allegations contained in paragraph 1 of Plaintiff's Complaint as the allegations constitute a conclusion of law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

**ANSWER:** The Defendant admits this Court has jurisdiction over Plaintiff's Complaint.

10

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**ANSWER:** The Defendant admits that venue is proper.

## Background

4. Plaintiff, Edward Holmes, lives in Joliet, Illinois, where he resides with his wife and step-son.

**ANSWER:** The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. In September of 2001, Plaintiff was detained in the Will County Adult Detention Facility (hereafter, "WCADF"), awaiting a criminal trial court's recommendation that he be allowed entry into a drug counseling and rehabilitation program in lieu of sentencing for a non-violent drug possession offense.

**ANSWER:** The Defendant admits that Plaintiff was detained in the Will County Adult Detention Facility in September 2001 but lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. On or about September 15, 2001, Plaintiff began to experience great pain and swelling in his abdomen. Immediately thereafter, Plaintiff, who had previously undergone surgery for a gastrointestinal condition, made repeated requests for medical attention to both Unknown WCADF Correctional Officers (hereafter, "Correctional Officers"), and Unknown WCADF Health Care Providers (hereafter, "Health Care Providers").

**ANSWER:** The Defendant admits that Plaintiff at various times requested and received medical attention but lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Plaintiff's repeated requests for medical attention were largely ignored; on the few occasions Plaintiff was attended to, the care provided was wholly and manifestly inadequate n light of his condition.

**ANSWER:** The Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Specifically, Plaintiff suffered extreme pain and a profoundly distended stomach. To wit, in approximately one month, his waist had expanded from 32 inches to 44 inches due to his condition.

**ANSWER:** The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Plaintiff was released from the WCADF on or about October 14, 2002, whereupon he was immediately admitted to a local hospital for emergency treatment, including multiple surgeries, for his condition.

**ANSWER:** The Defendant admits that Plaintiff was released from the WCADF on or about October 14, 2002, but lacks sufficient knowledge or information to either admit nor deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Plaintiff was confined to a hospital for nearly four months as the result of the exacerbation of his condition.

**ANSWER:** The Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

3

Count I – 42 U.S.C. § 1983

Denial of Medical Attention

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** The Defendant incorporates his prior answers to the foregoing paragraphs as if restated fully herein.

12. As described more fully above, while Plaintiff was incarcerated at the WCADF, the Defendants failed to provide hm with adequate medical attention.

**ANSWER:** The Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. In this manner, the conduct of the Correctional Officers and Health Care Providers was objectively unreasonable and deliberately indifferent to Plaintiff's objectively serious medical needs.

**ANSWER:** The Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. The actions of the Correctional Officers and Health Care Providers proximately caused the injuries suffered by Plaintiff.

**ANSWER:** The Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, which operates the Will County Adult Detention Center, and for which Will County Sheriff Brendan D. Ward is responsible, in that:

a. As a matter of both policy and practice, the Will County Sheriff's Department directly encourages, and is thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its correctional officers and health care providers such that its failure to do so manifests deliberate indifference. Specifically, these correctional officers and health care providers provide woefully inadequate medical attention to inmates of the WCADF who are in need;

b. As a matter of both policy and practice, the Will County Sheriff's Department facilitates the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of correctional officers and health care providers' failure to provide adequate medical attention to inmates of the WCADF, thereby leading correctional officers and health care providers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, correctional officers and health care providers at the WCADF violate the constitutional rights of citizens by failing to provide adequate medical attention in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Will County Sheriff's Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Policy-makers with final policy-making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the WCADF, by which

correctional officers and health care providers fail to report the failure to provide detainees with adequate medical attention, such as the failure at issue in this case; and

  e. The Will County Sheriff's Department has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:** The Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including by not limited to pain and injury and emotional distress.

**ANSWER:** The Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

WHEREFORE, the Defendant denies that Plaintiff is entitled to any judgment whatsoever against him and prays that this Honorable Court enter judgment in his favor and allow for the costs of defending this lawsuit.

Count II – 42 U.S.C. § 1983

Cruel and Unusual Punishment

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** The Defendant incorporates his prior answers to the foregoing paragraphs as if restated fully herein.

19. As described in the preceding paragraphs the failure of the unknown Health Care Providers and Correctional Officers, acting under color of law, to provide Plaintiff with adequate medical attention constituted cruel and unusual punishment.

**ANSWER:** The Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. As a result of the unknown Health Care Providers and Correctional Officers' unjustified and unconstitutional conduct Plaintiff has suffered pain and injury, as well as emotional distress.

**ANSWER:** The Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County Sheriff's Department in the manner described more fully above.

**ANSWER:** The Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

WHEREFORE, the Defendant denies that Plaintiff is entitled to any judgment whatsoever against him and prays that this Honorable Court enter judgment in his favor and allow for the costs of defending this lawsuit.

## Count III – State Law Claim

## Intentional Infliction of Emotional Distress

24. Each of preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:** The Defendant incorporates his prior answers to the foregoing paragraphs as if restated fully herein.

25. As described more fully in the preceding paragraphs, the unknown Correctional Officers and Health Care Providers engaged in extreme and outrageous conduct with respect to Plaintiff, to wit, they refused to provide him with adequate medical attention despite his objectively serious need.

**ANSWER:** The Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. This misconduct described in this Count was rooted in an abuse of power or authority.

**ANSWER:** The Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER:** The Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

**ANSWER:** The Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

WHEREFORE, the Defendant denies that Plaintiff is entitled to any judgment whatsoever against him and prays that this Honorable Court enter judgment in his favor and allow for the costs of defending this lawsuit.

Count IV – State Law Claim

Respondeat Superior

30. Each of preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:** The Defendant incorporates his prior answers to the foregoing paragraphs as if restated fully herein.

31. In committing the acts alleged in the preceding paragraphs, each of the unknown Correctional Officers and Health Care Providers were members of, and agents of, the Will County Sheriff's Department, for which Will County Sheriff Brendan D. Ward is responsible, acting at all relevant times within the scope of their employment.

**ANSWER:** The Defendant admits that the correctional officers who worked at the WCADF worked under the direction of the Will County Sheriff's Department but denies that the unknown health care providers who saw Plaintiff were members and/or agents of the Will County Sheriff's Department.

32. Defendant Will County Sheriff Brendan D. Ward is a principal liable for all torts committed by his agents.

**ANSWER:** Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

9

WHEREFORE, the Defendant denies that Plaintiff is entitled to any judgment whatsoever against him and prays that this Honorable Court enter judgment in his favor and allow for the costs of defending this lawsuit.

### Count V – State Law Claim

### Indemnification

33. Each of preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:** The Defendant incorporates his prior answers to the foregoing paragraphs as if restated fully herein.

34. Illinois law provides that public entities are directly to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Paragraph 34 states a legal conclusion and therefore the Defendant neither admits nor denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. The unknown Correctional Officers and Health Care Providers were employees of the Will County Sheriff's Department, for which Will County Sheriff Brendan D. Ward is responsible, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** The Defendant admits that the correctional officers who worked at the WCADF worked under the direction of the Will County Sheriff's Department but denies that the unknown health care providers who saw Plaintiff were members and/or agents of the Will County Sheriff's Department.

WHEREFORE, the Defendant denies that Plaintiff is entitled to any judgment whatsoever against him and prays that this Honorable Court enter judgment in his favor and allow for the costs of defending this lawsuit.

_____
JASON W. ROSE, One of the
Attorneys for the Defendants

JAMES G. SOTOS
JASON W. ROSE
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
P. O. Box 4109
Itasca, IL 60143-4109
(630) 773-4774

## FIRST AFFIRMATIVE DEFENSE - TORT IMMUNITY ACT

NOW COMES the Defendant, Will County Sheriff, BRENDAN WARD, by and through his attorneys, JAMES G. SOTOS and JASON W. ROSE of HERVAS, SOTOS, CONDON & BERSANI, P.C. and, for his first affirmative defense to Plaintiff's Complaint states as follows:

With respect to all of Plaintiff's state law claims, Defendant is immune from liability under Illinois' Tort Immunity Act (745 ILCS 10/1-101 et seq.), including but not limited to §§ 10/2-102, 2-201, 2-202, 2-204, 4-103, 4-104 and 4-105.

WHEREFORE, the Defendant denies that Plaintiff is entitled to any judgment whatsoever against him, and prays this Honorable Court will enter judgment in his favor and allow for the costs of defending this lawsuit

By _____
JASON W. ROSE, One of His Attorneys

JAMES G. SOTOS
JASON W. ROSE
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road
Suite 195
Itasca, Illinois 60143
(630) 773-4774