IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | **DOCKETED** |
| Plaintiff, | ) | |
| | ) | 02 C 7266    JAN 1 0 2003 |
| v. | ) | |
| | ) | Judge Lindberg |
| WILL COUNTY SHERIFF BRENDAN D. | ) | |
| WARD, in his official capacity, | ) | |
| Unknown WILL COUNTY ADULT | ) | **FILED** |
| DETENTION FACILITY HEALTH CARE | ) | |
| PROVIDERS, and unknown WILL | ) | JAN 0 8 2002 |
| COUNTY ADULT DETENTION FACILITY | ) | |
| CORRECTIONAL OFFICERS, | ) | JUDGE GEORGE W. LINDBERG |
| | ) | UNITED STATES DIS.... |
| Defendants. | ) | |

NOTICE OF FILING

TO:

James G. Sotos            Michael J. Charysh
Jason W. Rose             Bradford A. Burton
Hervas, Sotos, et al.     Charysh & Shroeder, Ltd.
333 Pierce Road           33 North Dearborn Street
Suite 195                 Suite 1300
Itasca, IL 60143          Chicago, IL 60602


        Please take notice that on January **8**, 2003 I filed the
attached Amended Complaint at the United States Courthouse, 219
South Dearborn, Chicago, IL.


LOEVY & LOEVY
Jon Loevy
Amanda Antholt
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900


CERTIFICATE OF SERVICE

        I, Amanda Antholt, an attorney, certify that on January
**9**, 2003, I sent by fax a copy of the attached Notice and Amended
Complaint to the above-named counsel of record.

14

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION **DOCKETED**

EDWARD HOLMES,                          )
                                        )                    JAN 1 0 2003
              Plaintiff,                )
                                        )         02 C 7266
        v.                              )
                                        )         Judge Lindberg
WILL COUNTY SHERIFF BRENDAN D.          )
WARD, in his official capacity,         )         **FILED**
WEXFORD HEALTH SOURCES, INC.,           )
unknown Health Care Providers, and      )
unknown WILL COUNTY ADULT               )              JAN 0 8 2003
DETENTION FACILITY CORRECTIONAL         )
OFFICERS,                               )            JUDGE GEORGE M. MAROVICH
                                        )            UNITED STATES DISTRICT JUDGE
              Defendants.               )         JURY TRIAL DEMANDED

## AMENDED COMPLAINT

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys,
LOEVY & LOEVY, and complaining of Defendants, WILL COUNTY SHERIFF
BRENDAN D. WARD, sued in his official capacity, WEXFORD HEALTH
SOURCES, INC., unknown HEALTH CARE PROVIDERS, sued in their
individual capacities, and unknown WILL COUNTY ADULT DETENTION
FACILITY CORRECTIONAL OFFICERS, sued in their individual
capacities, states as follows:

### Introduction

1.    This action is brought pursuant to 42 U.S.C.
Section 1983 to redress the deprivation under color of law of
Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.    This Court has jurisdiction of the action pursuant
to 28 U.S.C. § 1331.

3.    Venue is proper under 28 U.S.C. § 1391(b).  On
information and belief, all parties reside in this judicial

district, and the events giving rise to the claims asserted
herein all occurred within district.

Background

4.   Plaintiff, Edward Holmes, lives in Joliet,
Illinois, where he resides with his wife and step-son.

5.   In September of 2001, Plaintiff was detained in
the Will County Adult Detention Facility (hereafter, "WCADF"),
awaiting a criminal court's recommendation that he be allowed
entry into a drug counseling and rehabilitation program *in lieu*
of sentencing for a non-violent drug possession offense.

6.   On or about September 15, 2001, Plaintiff began to
experience great pain and swelling in his abdomen.   Immediately
thereafter, Plaintiff, who had previously undergone surgery for a
gastrointestinal condition, made repeated requests for medical
attention to both Unknown WCADF Correctional Officers (hereafter,
"Correctional Officers"), and Unknown Health Care Providers
(hereafter, "Health Care Providers").

7.   Plaintiff's repeated requests for medical
attention were largely ignored; on the few occasions Plaintiff
was attended to, the care provided was wholly and manifestly
inadequate in light of his condition.

8.   Specifically, Plaintiff suffered extreme pain and
a profoundly distended stomach.   To wit, in approximately one
month, his waist had expanded from 32 inches to 44 inches due to
his condition.

9.   Plaintiff was released from the WCADF on or about
October 14, 2001, whereupon he was immediately  admitted to a

2

local hospital for emergency treatment, including multiple surgeries, for his condition.

10. Plaintiff was confined to a hospital for nearly four months as the result of the exacerbation of his condition.

Count I –– 42 U.S.C. § 1983

Cruel and Unusual Punishment

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

12. As described more fully above, while Plaintiff was incarcerated at the WCADF, the Defendants failed to provide him with adequate medical attention.

13. As a result of the Health Care Providers, Wexford Health Sources, and the Correctional Officers' unjustified and unconstitutional conduct, Plaintiff has suffered pain and injury, as well as emotional distress.

14. In this manner, the conduct of the Correctional Officers, Wexford Health Sources, and the Health Care Providers was objectively unreasonable and deliberately indifferent to Plaintiff's objectively serious medical needs.

15. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

16. The actions of the Correctional Officers, Wexford Health Sources, and the Health Care Providers proximately caused the injuries suffered by Plaintiff.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County

3

Sheriff's Department, which operates the Will County Adult
Detention Center, and for which Will County Sheriff Brendan D.
Ward is responsible, in that:

a. As a matter of both policy and practice, the
Will County Sheriff's Department directly encourages, and is
thereby the moving force behind, the very type of constitutional
violation at issue here by failing to adequately train, supervise
and control its correctional officers and health care providers
such that its failure to do so manifests deliberate indifference.
Specifically, these correctional officers and health care
providers provide woefully inadequate medical attention to
inmates of the WCADF who are in need;

b. As a matter of both policy and practice, the
Will County Sheriff's Department facilitates the very type of
constitutional violation at issue here by failing to adequately
punish and discipline prior instances of correctional officers
and health care providers' failure to provide adequate medical
attention to inmates of the WCADF, thereby leading correctional
officers and health care providers to believe their actions will
never be scrutinized and, in that way, directly encouraging
future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice
so prevalent as to comprise municipal policy, correctional
officers and health care providers at the WCADF violate the
constitutional rights of citizens by failing to provide adequate
medical attention in a manner similar to that alleged by
Plaintiff in this Count on a frequent basis, yet the Will County

4

Sheriff's Department makes findings of wrongdoing in a disproportionately small number of cases;

        d.    Policy-makers with final policy-making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the WCADF, by which correctional officers and health care providers fail to report the failure to provide detainees with adequate medical attention, such as the failure at issue in this case; and

        e.    The Will County Sheriff's Department has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

    18.   As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to pain and injury and emotional distress.

COUNT II - State Law Claim

Intentional Infliction of Emotional Distress

    19.   Each of preceding paragraphs is incorporated as if restated fully herein.

    20.   As described more fully in the preceding paragraphs, the Correctional Officers, Wexford Health Sources, Inc. and the Health Care Providers engaged in extreme and outrageous conduct with respect to Plaintiff, to wit, they refused to provide him with adequate medical attention despite his objectively serious need.

5

21. This misconduct described in this Count was rooted in an abuse of power or authority.

22. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

## Count III — State Law Claim

### Respondeat Superior

25. Each of preceding paragraphs is incorporated as if restated fully herein.

26. In committing the acts alleged in the preceding paragraphs, each of the Correctional Officers and Health Care Providers, and agents of, the Will County Sheriff's Department, for which Will County Sheriff Brendan D. Ward is responsible, acting at all relevant times within the scope of their employment.

27. Defendant Will County Sheriff Brendan D. Ward is a principal liable for all torts committed by his agents.

## COUNT IV — State Law Claim

### Indemnification

28. Each of preceding paragraphs is incorporated as if restated fully herein.

29.   Illinois law provides that public entities are
directed to pay any tort judgment for compensatory damages for
which employees are liable within the scope of their employment
activities.

30.   The unknown Correctional Officers and unknown
Health Care Providers were employees of the Will County Sheriff's
Department, for which Will County Sheriff Brendan D. Ward is
responsible, and acted within the scope of their employment in
committing the misconduct described herein.

WHEREFORE, Plaintiff, EDWARD HOLMES, respectfully
requests that this Court enter judgment in his favor and against
Defendants, WILL COUNTY SHERIFF BRENDAN D. WARD, sued in his
official capacity, WEXFORD HEALTH SOURCES, INC., unknown HEALTH
CARE PROVIDERS, and unknown WILL COUNTY ADULT DETENTION FACILITY
CORRECTIONAL OFFICERS, awarding compensatory damages and
attorneys' fees, along with punitive damages against the unknown
HEALTH CARE PROVIDERS and WILL COUNTY ADULT DETENTION FACILITY
CORRECTIONAL OFFICERS in their individual capacities.

### JURY DEMAND

Plaintiff, EDWARD HOLMES, hereby demands a trial by
jury pursuant to Federal Rule of Civil Procedure 38(b) on all
issues so triable.

7

RESPECTFULLY SUBMITTED,


_____
Attorneys for Plaintiff


Arthur Loevy
Jon Loevy
Jon Rosenblatt
Amanda Antholt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900