<100>
<200>
<300>
<400><500>
<600>
<700>
<800>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILL COUNTY SHERIFF BRENDAN D. WARD, )<br>in his official capacity, et. al. )<br>)<br>Defendants. ) | No. 02 C 7266<br>Judge George W. Lindberg<br>Magistrate Judge Geraldine Brown |

To:  Amanda Antholt                           Jason Rose
     Loevy & Loevy                            Hervas, Sotos, Condon & Bersani, P.C.
     312 North May Street                     333 Pierce Road
     Suite 100                                Suite 195
     Chicago, IL 60607                        P.O. Box 4109
                                              Itasca, Illinois 60143

### NOTICE OF FILING

Please take notice that on this 6th day of February, 2003, we filed with the Clerk of the District Court, Wexford Health Sources, Inc.'s Answer to Plaintiff's Amended Complaint, a copy of which is attached.

CHARYSH & SCHROEDER, LTD.

_/s/ Bradford A. Burton_

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Bradford A. Burton (ARDC# 6186690)



## CERTIFICATE OF SERVICE

The undersigned certifies that she served a copy of the foregoing documents on all attorneys of record at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on February 6, 2003.

                                                         Tammy Popp

SUBSCRIBED AND SWORN before me this 6th day of February, 2003

_____
Notary Public

"OFFICIAL SEAL"
Michael A. Klysh
Notary Public, State of Illinois
My Commission Exp. 06/30/2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 7266 |
| | ) | Judge Lindberg |
| WILL COUNTY SHERIFF BRENDAN D. WARD, | ) | Magistrate Judge Geraldine Brown |
| in his official capacity, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## WEXFORD HEALTH SOURCES, INC.'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, WEXFORD HEALTH SOURCES, INC., by its attorneys, CHARYSH & SCHROEDER, LTD., answers the plaintiff's amended complaint as follows:

Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

   **ANSWER:** The defendant makes no response to the allegations of paragraph 1 as they state a conclusion of law. To the extent that a response is required, the defendant denies that the plaintiff is entitled to relief against it under 42 U.S.C. §1983.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331.

   **ANSWER:** The defendant admits that the court has proper subject matter jurisdiction as the complaint raises a federal question pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

3. Venue is proper under 28 U.S.C. §1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.



**ANSWER:** The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

Background

4. Plaintiff, Edward Holmes, lives in Joliet, Illinois, where he resides with his wife and step-son.

**ANSWER:** The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. In September of 2001, Plaintiff was detained in the Will County Adult Detention Facility (hereafter, "WCADF"), awaiting a criminal court's recommendation that he be allowed entry into a drug counseling and rehabilitation program in lieu of sentencing for a non-violent drug possession offense.

**ANSWER:** The defendant admits that the plaintiff was detained in the Will County Adult Detention Facility in September of 2001. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. On or about September 15, 2001, Plaintiff began to experience great pain and swelling in his abdomen. Immediately thereafter, Plaintiff, who had previously undergone surgery for a gastrointestinal condition, made repeated requests for medical attention to both unknown WCADF Correctional Officers (hereafter, "Correctional Officers"), and Unknown Health Care Providers (hereafter, "Health Care Providers").

**ANSWER:** The defendant admits that, at various times while the plaintiff was detained at the Will County Adult Detention Facility, the plaintiff requested and received medical treatment. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. Plaintiff's repeated requests for medical attention were largely ignored; on the few occasions Plaintiff was attended to, the care provided was wholly and manifestly inadequate in light of his condition.

**ANSWER:** The defendant denies the allegations of paragraph 7.

8.  Specifically, Plaintiff suffered extreme pain and a profoundly distended stomach. To wit, in approximately one month, his waist had expanded from 32 inches to 44 inches due to his condition.

**ANSWER:** The defendant admits that, at various times while the plaintiff was detained at the Will County Adult Detention Facility, he had complaints of pain and abdominal distension. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9.  Plaintiff was released from the WCADF on or about October 14, 2001, whereupon he was immediately admitted to a local hospital for emergency treatment, including multiple surgeries, for his condition.

**ANSWER:** The defendant admits that the plaintiff was released from the Will County Adult Detention Facility on or about October 14, 2001. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Plaintiff was confined to a hospital for nearly four months as the result of the exacerbation of his condition.

**ANSWER:** The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

Count I – 42 U.S.C. §1983

Cruel and Unusual Punishment

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** The defendant restates and realleges its responses to paragraphs 1-10 of the plaintiff's amended complaint as its responses to paragraph 11 of the plaintiff's amended complaint as if fully set forth herein.

3

12. As described more fully above, while Plaintiff was incarcerated at the WCADF, the Defendants failed to provide him with adequate medical attention.

> **ANSWER:** The defendant denies the allegations of paragraph 12 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 directed against other defendants.

13. As a result of the Health Care Providers, Wexford Health Sources, and the Correctional Officers' unjustified and unconstitutional conduct, Plaintiff has suffered pain and injury, as well as emotional distress.

> **ANSWER:** The defendant denies the allegations of paragraph 13 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 directed against other defendants.

14. In this manner, the conduct of the Correctional Officers, Wexford Health Sources, and the Health Care Providers was objectively unreasonable and deliberately indifferent to Plaintiff's objectively serious medical needs.

> **ANSWER:** The defendant denies the allegations of paragraph 14 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 directed against other defendants.

15. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

> **ANSWER:** The defendant denies the allegations of paragraph 15 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 directed against other defendants.

16. The actions of the Correctional Officers, Wexford Health Sources, and the Health Care Providers proximately caused the injuries suffered by Plaintiff.

> **ANSWER:** The defendant denies the allegations of paragraph 16 as they apply to the defendant. The defendant is without knowledge or information sufficient

4

to form a belief as to the truth of the allegations of paragraph 16 directed against other defendants.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Will County Sheriff's Department, which operates the Will County Adult Detention Center, and for which Will County Sheriff Brendan D. Ward is responsible, in that:

    a. As a matter of both policy and practice, the Will County Sheriff's Department directly encourages, and is thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its correctional officers and health care providers such that its failure to do so manifests deliberate indifference. Specifically, these correctional officers and health care providers provide woefully inadequate medical attention to inmates of the WCADF who are in need;

    b. As a matter of both policy and practice, the Will County Sheriff's Department facilitates the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of correctional officers and health care providers' failure to provide adequate medical attention to inmates of the WCADF, thereby leading correctional officers and health care providers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as matter of widespread practice so prevalent as to comprise municipal policy, correctional officers and health care providers at the

5

WCADF violate the constitutional rights of citizens by failing to provide adequate medical attention in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Will County Sheriff's Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Policy-makers with final policy making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the WCADF, by which correctional officers and health care providers fail to report the failure to provide detainees with adequate medical attention, such as the failure at issue in this case; and

e. The Will County Sheriff's Department has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:** The defendant denies the allegations of paragraph 17, subparagraphs a-e inclusive, as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 directed against other defendants.

18. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to pain and injury and emotional distress.

**ANSWER:** The defendant denies the allegations of paragraph 18.

COUNT II – State Law Claim

Intentional Infliction of Emotional Distress

6

19. Each of preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:** The defendant restates and realleges its responses to paragraphs 1-18 of the plaintiff's amended complaint as its responses to paragraph 19 of the plaintiff's amended complaint as if fully set forth herein.

20. As described more fully in the preceding paragraphs, the Correctional Officers, Wexford Health Sources, Inc. and the Health Care Providers engaged in extreme and outrageous conduct with respect to Plaintiff, to wit, they refused to provide him with adequate medical attention despite his objectively serious need.

**ANSWER:** The defendant denies the allegations of paragraph 20 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 directed against other defendants.

21. This misconduct described in this Count was rooted in an abuse of power or authority.

**ANSWER:** The defendant denies the allegations of paragraph 21 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 directed against other defendants.

22. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER:** The defendant denies the allegations of paragraph 22 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 directed against other defendants.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The defendant denies the allegations of paragraph 23 as they apply to the defendant. The defendant is without knowledge or information sufficient

7

to form a belief as to the truth of the allegations of paragraph 23 directed against other defendants.

24. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

**ANSWER:** The defendant denies the allegations of paragraph 24.

### COUNT III – State Law Claim

### Respondeat Superior

25. Each of preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:** The defendant restates and realleges its responses to paragraphs 1-24 of the plaintiff's amended complaint as its responses to paragraph 25 of the plaintiff's amended complaint as if fully set forth herein.

26. In committing the acts alleged in the preceding paragraphs, each of the Correctional Officers and Health Care Providers, and agents of, the Will County Sheriff's Department, for which Will County Sheriff Brendan D. Ward is responsible, acting at all relevant times within the scope of their employment.

**ANSWER:** The defendant denies the allegations of paragraph 26 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 directed against other defendants.

27. Defendant Will County Sheriff Brendan D. Ward is a principal liable for all torts committed by his agents.

**ANSWER:** The defendant denies the allegations of paragraph 27 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 directed against other defendants.

COUNT IV – State Law Claim

Indemnification

28. Each of preceding paragraphs is incorporated as if restated fully herein.

**ANSWER:** The defendant restates and realleges its responses to paragraphs 1-27 of the plaintiff's amended complaint as its responses to paragraph 28 of the plaintiff's amended complaint as if fully set forth herein.

29. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** The defendant makes no response to the allegations of paragraph 29 as they state a conclusion of law. To the extent a response is required, the defendant denies the allegations of paragraph 29.

30. The unknown Correctional Officers and unknown Health Care Providers were employees of the Will County Sheriff's Department, for which Will County Sheriff Brendan D. Ward is responsible, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** The defendant denies the allegations of paragraph 30 as they apply to the defendant. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 directed against other defendants.

WHEREFORE, defendant, WEXFORD HEALTH SOURCES, INC., denies that the plaintiff, Edward Holmes, is entitled to judgment against it in any amount whatsoever, or for any other relief requested in the plaintiff's amended complaint, and asks that the plaintiff's amended complaint be dismissed, and that judgment be entered in its favor on the remaining pleadings.

**DEFENDANT DEMANDS TRIAL BY JURY**

## AFFIRMATIVE DEFENSE

The defendant affirmatively states that the plaintiff's amended complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C §1983 involving rights secured by the Eighth Amendment as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to that statute.

CHARYSH & SCHROEDER, LTD.

_____
Bradford A. Burton

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Bradford A. Burton (ARDC# 6186690)