IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
|        Plaintiff, | ) | 02 C 7266 |
|   v. | ) | Judge Brown |
| WILL COUNTY SHERIFF BRENDAN D. WARD, in his official capacity, Unknown WILL COUNTY ADULT DETENTION FACILITY HEALTH CARE PROVIDERS, and unknown WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS, | ) | |
|        Defendants. | ) | |

FILED OCT - 1 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED OCT 0 3 2003

**NOTICE OF FILING**

TO:

    Bradford A. Burton
    Charysh & Shroeder, Ltd.
    33 North Dearborn Street
    Suite 1300
    Chicago, IL 60602

    Please take notice that on October 1, 2003 I filed the attached Second Amended Complaint at the United States Courthouse at 219 South Dearborn, Chicago, IL.

Arthur Loevy
Jon Loevy
Amanda Antholt
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

    I, Amanda Antholt, an attorney, certify that on October 1, 2003, I sent by fax a copy of the attached Second Amended Complaint to the above-named counsel of record.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

EDWARD HOLMES,               )
                             )
        Plaintiff,           )
                             )
    v.                       )   02 C 7266
                             )
DR. KUL SOOD and WEXFORD     )   Judge Brown
HEALTH SOURCES, INC.         )
                             )
        Defendants.          )

**FILED OCT - 1 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

**DOCKETED OCT 0 3 2003**

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, DR. KUL SOOD and WEXFORD HEALTH SOURCES, INC., states as follows:

### Introduction

1.  This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3.  Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Background

4.  Plaintiff, Edward Holmes, lives in Joliet, Illinois, where he resides with his wife and son.

5.  In September of 2001, Plaintiff was detained in the Will County Adult Detention Facility (hereafter, "WCADF"), awaiting a criminal court's recommendation that he be allowed entry into a drug counseling and rehabilitation program *in lieu* of sentencing for a non-violent drug possession offense.

6.  On or about September 15, 2001, Plaintiff began to experience great pain and swelling in his abdomen. Immediately thereafter, Plaintiff, who had previously undergone surgery for a gastrointestinal condition, made repeated requests for medical attention to the correctional staff, as well as the health care staff of Wexford Health Sources, Inc., who was contracted with by WCADF to be responsible for all health care services at WCADF.

7.  Plaintiff's repeated requests for medical attention were largely ignored.

8.  On the few occasions Plaintiff was seen by a physician, the jail's only doctor, Dr. Kul Sood provided wholly and manifestly inadequate care in light of his condition. Said care was sufficiently inadequate to constitute deliberate indifference.

9.  Specifically, Plaintiff suffered extreme pain and a profoundly distended stomach. To wit, in approximately one

2

month, his waist had expanded from 32 inches to 44 inches due to his condition.

10. Despite the consistently increasing severity of Plaintiff's condition and his history of colonic distention, Dr. Sood neglected to take the necessary steps to either identify or treat his serious health condition.

11. Finally, Plaintiff was released from the WCADF on or about October 14, 2001, whereupon he was immediately admitted to a local hospital for emergency treatment, including multiple surgeries, for his condition.

12. Plaintiff was confined to a hospital for nearly four months as the result of the exacerbation of his condition.

### Count I -- 42 U.S.C. § 1983

### Cruel and Unusual Punishment

13. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

14. As described more fully above, while Plaintiff was incarcerated at the WCADF, the Defendants failed to provide him with adequate medical attention.

15. As a result of the unjustified and unconstitutional conduct of Dr. Sood and Wexford Health Sources, Inc. Plaintiff has suffered pain and injury, as well as emotional distress.

16. In this manner, the conduct of Dr. Sood and Wexford Health Sources, Inc. was objectively unreasonable and

3

deliberately indifferent to Plaintiff's objectively serious medical needs.

17. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

18. The actions of Dr. Sood and Wexford Health Sources, Inc. proximately caused the injuries suffered by Plaintiff.

19. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to pain and injury and emotional distress.

**COUNT II - State Law Claim**

**Intentional Infliction of Emotional Distress**

20. Each of preceding paragraphs is incorporated as if restated fully herein.

21. As described more fully in the preceding paragraphs, Dr. Sood and Wexford Health Sources, Inc. engaged in extreme and outrageous conduct with respect to Plaintiff, to wit, they refused to provide him with adequate medical attention despite his objectively serious need.

22. This misconduct described in this Count was rooted in an abuse of power or authority.

23. The misconduct described in this Count was undertaken with intent or knowledge that there was a high

probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

25. As a proximate result of this misconduct, Plaintiff suffered severe emotional distress and anguish.

### Count III - State Law Claim

### Respondeat Superior

26. Each of preceding paragraphs is incorporated as if restated fully herein.

27. In committing the acts alleged in the preceding paragraphs, each of the Health Care Providers and Kul Sood, are agents of the Wexford Health Sources, Inc., acting at all relevant times within the scope of their employment.

28. Defendant Wexford Health Sources, Inc. is a principal liable for all torts committed by its agents.

WHEREFORE, Plaintiff, EDWARD HOLMES, respectfully requests that this Court enter judgment in his favor and against Defendants, DR. KUL SOOD and WEXFORD HEALTH SOURCES, INC., awarding compensatory damages and attorneys' fees, along with punitive damages against DR. KUL SOOD in his individual capacity.

**JURY DEMAND**

Plaintiff, EDWARD HOLMES, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Jon Rosenblatt
Amanda Antholt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

6