UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD HOLMES, )
)
        Plaintiff, )
)
v. ) No. 02 C 7266
)
DR. KUL SOOD and WEXFORD HEALTH, ) Magistrate Judge Geraldine Brown
SOURCES, INC., )
)
        Defendants. )

To:   Amanda Antholt
      Loevy & Loevy
      312 North May Street
      Suite 100
      Chicago, IL 60607

## NOTICE OF FILING

Please take notice that on this 24th day of March, 2004, we filed with the Clerk of the District Court, Dr. Kul Sood's and Wexford Health Sources, Inc.'s, Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, and Statement of Material Facts, copies of which are attached.

                                            CHARYSH & SCHROEDER, LTD.

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)

## CERTIFICATE OF SERVICE

The undersigned certifies that she served a copy of the foregoing documents on all attorneys of record at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on March 24, 2005.

*Tammy Popp*

SUBSCRIBED AND SWORN before

me this 24th day of March, 20045

Notary Public

Official Seal
David H Schroeder
Notary Public State of Illinois
My Commission Expires 07/28/05

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 2 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EDWARD HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 7266 |
| ) | Magistrate Judge Geraldine Brown |
| DR. KUL SOOD and WEXFORD HEALTH, ) | |
| SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendants, DR. KUL SOOD ("Dr. Sood) and WEXFORD HEALTH SOURCES ("Wexford"), by their attorneys, CHARYSH & SCHROEDER, LTD. for their Motion for Summary Judgment state as follows:

1. Plaintiff has brought a three count complaint against defendants alleging cruel and unusual punishment (Count I), a state law claim of intentional infliction of emotional distress (Count II), and a "state law claim" of respondeat superior (Count III).

2. These claims arise out of medical care plaintiff received while he was an inmate at the Will County Adult Detention Facility ("WCADF"). All three of plaintiff's claims must fail and summary judgment should be granted as set forth below and in the memorandum of law filed contemporaneously herewith.

3. Pursuant to Rule 56 of the Federal Rules of Civil Procedure judgment should be rendered forthwith if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

## **MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF PLAINTIFF'S COMPLAINT**

4. Count I seeks recovery for alleged cruel and unusual punishment based upon the medical care plaintiff received while he was incarcerated at the WCADF.

5. Plaintiff has brought Count I against both Dr. Sood individually and Wexford.

6. The allegations against Wexford appear to be purely vicarious. Plaintiff does not allege any independent acts of deliberate indifference on the part of Wexford.

7. Plaintiff's experts testified that they did not have any criticisms of any of the Wexford personnel other than Dr. Sood and did not express any complaints about Wexford.

8. Plaintiff must base any §1983 claim against Wexford on an express policy or custom of Wexford which caused plaintiff's injury. The liability cannot be vicarious as there is no respondeat superior liability under §1983. Woodard v. Correctional Medical Services, Inc., 368 F.3d 917 (7th Cir. 2004), Jackson v. Medi-Car, 300 F.3d 760 (7th Cir. 2002).

9. Plaintiff does not plead any such policy or custom and plaintiff's experts have not expressed <u>any</u> opinions regarding any policy or custom, or any action or inaction of Wexford.

10. As plaintiff does not plead, and there is no support in the record for a §1983 violation claim concerning Wexford's policies or customs summary judgment in favor of Wexford with regard to Count I is proper.

2

11. In order to recover for alleged cruel and unusual punishment in regard to medical care received in a penal institution the plaintiff must show deliberate indifference.

12. To show deliberate indifference the plaintiff must show that the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under the case law be condemned as the infliction of punishment. When this is considered in the context of medical treatment, the courts do not consider what a reasonable doctor would have done, nor is it enough to show that the doctor committed what might be considered malpractice. At the very least, the doctor must act or fail to act despite his knowledge of a substantial risk of serious harm. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000)

13. Allegedly inadequate treatment due to negligence, inadvertence, or difference in judgment between an inmate and medical personnel do not rise to the level of constitutional violations. Nor does mere difference of opinion among medical personnel regarding a patient's treatment give rise to deliberate indifference. Garvin v. Armstrong, 236 F.3d 896 (7th Cir. 2001).

14. Evidence of differences of opinion as to whether one course of treatment is preferable to another is insufficient to state a constitutional claim under the Eighth Amendment. Snipes v. Detella, 95 F.3d 586 (7th Cir. 1996).

15. The Supreme Court has explicitly held, on constitutional grounds, that "subjective recklessness as used in the criminal law is . . . [the appropriate] test for 'deliberate indifference'. . . ." Farmer v. Brennan, 511 U.S. 825, 839, 114 S. Ct. 1970, (1994). The medical officer must know that there is a serious injury or risk of permanent disablement, and then must consciously disregard that risk. Id. at 837, 114 S.Ct. 1970. Arguments that the medical officer did not comply with the objective standard of care will be of no avail to the complainant. Higgins V. Correctional Medical Services Of Ill., 8 F. Supp.2d 821 (N.D.Ill. 1998)

16. The use of an x-ray or other diagnostic testing is a "classic example of a matter for medical judgment" and does not constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

17. In the present case, Dr. Himmelman, one of plaintiff's experts, criticized Dr. Sood's care as falling below the "standard of care". This standard of care, as expressed by Dr. Himmelman at his deposition was that which a reasonable physician would do. This is akin to the standard for a medical malpractice action. Wolf v. Black Hawk College, 268 Ill. App.3d 808 (3d Dist. 1995).

18. Even Dr. Himmelman believes plaintiff's medical condition improved during the first part of his imprisonment at the WCADF. Dr. Himmelman simply would have provided different medical treatment.

19. Dr. Franklin, another of plaintiff's expert witnesses testified that he believes Dr. Sood attributed plaintiff's situation to his past problems and did not feel any further treatment was necessary.

4

20. Dr. Franklin's criticism of Dr. Sood's treatment of plaintiff is that Dr. Sood should have referred plaintiff out for an obstructive series of x-rays, even though Dr. Franklin also testified that plaintiff did not have an obstruction.

21. It is well settled that a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." Estelle, 429 U.S. at 107.

## MOTION FOR SUMMARY JUDGMENT AS TO COUNT II OF PLAINTIFF'S COMPLAINT

22. Count II of plaintiff's complaint sounds in state law asserting a claim for the intentional infliction of emotional distress.

23. To state a cause of action for intentional infliction of emotional distress a plaintiff must prove (1) that the defendant's conduct was extreme and outrageous; (2) that defendant either intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress. Thomas v. Fuerst, 345 Ill.App.3d 929, 935 (5th Dist. 2004)

24. A cause of action for the intentional infliction of emotional distress is evaluated on an objective standard based on all of the facts and circumstances. Thomas v. Fuerst, 345 Ill.App.3d at 936, McGrath v. Fahey, 129 Ill.2d 78, 90 (1989). "Liability is attached only in circumstances where the defendant's conduct "is so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." Id., citing, Public Finance v. Davis, 66 Ill.2d 85, 90 (1989)

25. In the present case, none of the evidence supports a claim of intentional infliction of emotional distress.

5

26. The most plaintiff's experts could testify to was that they would have sent plaintiff for a consult or an obstructive series of x-rays.

27. Plaintiff's experts testified that Dr. Sood provided medical care, and did not do anything to intentionally hurt plaintiff.

28. Plaintiff's experts' criticisms were that Dr. Sood made a mistake, or that they would have provided different medical treatment.

29. Plaintiff cannot show that the treatment provided by Dr. Sood was so extreme in degree as to go beyond all possible bounds of decency. As such, summary judgment should be granted as to Count II of plaintiff's complaint.

## MOTION FOR SUMMARY JUDGMENT AS TO COUNT III OF PLAINTIFF'S COMPLAINT

30. Plaintiff's third count alleges a cause of action for respondeat superior against Wexford based upon the actions of Dr. Sood.

31. As stated above a respondeat superior claim is not cognizable under §1983.

32. A negligence claim brought under a respondeat superior theory is based upon an employer's vicarious liability for the wrongful acts of its employees. Gant v. L.U. Transport, Inc., 331 Ill. App.3d 924 (1st Dist. 2002)

33. In the present case, Dr. Sood, was not an employee of Wexford and Wexford did not direct any of the care provided by Dr. Sood.

34. Dr. Sood was an independent contractor of Wexford.

6

35. As Dr. Sood was an independent contractor for Wexford and was not an employee, respondeat superior liability is inappropriate and judgment should be granted as to Count III.

36. Further, respondeat superior is vicarious in nature and as shown above, plaintiff's have failed to show a cause of action for the intentional infliction of emotional distress, the only state law claim they have brought against Dr. Sood. As such judgment as to this count is proper and should be granted.

WHEREFORE, defendants, DR. KUL SOOD and WEXFORD HEALTH SOURCES, respectfully request this Honorable Court to enter an order granting summary judgment in favor of defendants as to all three Counts of plaintiff's second amended complaint and grant such further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.

_[signature]_

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

7