IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 7266 |
| v. | ) |
| | ) Magistrate Judge Brown |
| DR. KUL SOOD, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST MOTION *IN LIMINE* TO BAR EVIDENCE OF ANY CONVICTION OTHER THAN THE CONVICTION FOR WHICH HE WAS JAILED AT THE TIME OF HIS INJURIES AND TO BAR ALL EVIDENCE OF THE NATURE OF THE CRIME UNDERLYING ANY CONVICTION**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, hereby moves this Honorable Court for an order barring all evidence of any conviction other than the conviction for which he was jailed at the time of his injuries and to bar all evidence of the nature of the crime underlying any conviction. In support, Plaintiff states as follows:

As this denial of medical care case reaches the jury, they are going to learn that Plaintiff was incarcerated at the Will County Adult Detention Facility ("WCADF") because he had been convicted of a crime. That is the unavoidable background of this case. However, there is no reason to go into the nature of the crime for which he was convicted, nor the fact that he has been convicted of other crimes at other times in the past. Such evidence has no relevance to the merits of his medical care claims, nor, given the nature of the conviction, to Plaintiff's veracity. While the evidence has no bearing on Plaintiff's claims, it presents a serious danger that some jurors may rely on it to take an unfairly jaundiced view of Mr. Holmes' case and close their minds to the merits of his claims. It is for this very reason that FRE 403 and 609(a)(1) and 609(b) all

restrict the admissibility of conviction evidence. They operate here to bar admission of the convictions.

Each of the four convictions at issue are for possession of controlled substances. Three of the convictions are more than ten years old (occurring in 1990 and 1991), and the fourth is the conviction for which Plaintiff was incarcerated at the time of the events in this case. As to the first three, FRE 609(b) bars them from being admitted for impeachment purposes "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." FRE 609(b); *see also United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005) (noting that FRE 609(b) creates presumption against admission of conviction more than ten years old). This time limit in the Rule is based on the recognition that "convictions occurr[ing] over ten years ago . . . are of little worth in determining credibility." *United States v. Bastanipour*, No. 92-CR-917, 1993 WL 394759, at *1 (N.D. Ill. Oct. 4, 1993).

Similarly, while the jury will inevitably hear about the conviction for which Plaintiff was incarcerated at the time of his injuries (the fourth conviction) there is no reason for the jury to be told that the conviction involved a drug offense. This conviction does not involve dishonesty or false statement under FRE 609(a)(2). Thus, the only issue is whether the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." under FRE 403. In this case, whatever dubious relevance the fact of a conviction may have to the issue of credibility, the nature of the crime itself (a possession offense) adds none. By contrast, it presents a significant danger of unfair prejudice and confusion of the issues. Confronting this very issue in a prisoner deliberate indifference case, Judge Conlon barred

2

admission of the nature of the crime, stating:

> Because they are inmates, the jury obviously will know that [plaintiff] and his witnesses were convicted of crimes. Thus, when it makes credibility determinations, the jury will know that [plaintiff] and his witnesses may be less trustworthy than most witnesses. Evidence of the exact circumstances of the convictions would add little of probative value in determining their credibility. Although he is a convicted felon, Brown sues to vindicate his constitutional rights; Brown is the plaintiff in this case, not a criminal defendant. If the defendants were to present evidence of the specifics of Brown's convictions, the jury might be distracted from the relevant facts of the case (*i.e.*, Brown's allegations). The evidence of the convictions might overshadow Brown's allegations. The danger of unfair prejudice substantially outweighs the probative value of collateral evidence concerning the nature and circumstances of the convictions. Accordingly, the defendants may not introduce evidence regarding the specifics of the convictions. However, the defendants are entitled to make clear to the jury that Brown and his witnesses are not simply inmates, but are convicted felons. Thus, the defendants may state in their opening statements that Brown and his witnesses were incarcerated after being convicted of felony offenses.

*Brown v. Jennings*, No. 92-8237, 1994 WL 75423, at *1 (N.D. Ill. March 8, 1994).[1]

Numerous other courts have barred evidence of possession convictions for impeachment, either barring the convictions outright or admitting the fact of a conviction but not the nature of the charges. *See, e.g., Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (finding that "only slight probative value" of controlled substance conviction was substantially outweighed by unfair prejudice to plaintiff and barring all evidence of the conviction); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001) (barring possession conviction evidence because "[a] conviction for comparatively minor drug offenses is less probative of truthfulness than one for perjury or fraud [while] . . . the potential for prejudice to [plaintiff] is great"). *See also United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987) (approving order

---

[1] This same ground would apply to the nature of the underlying crime on the other three convictions were they not also barred by FRE 609(b).

3

barring evidence of drug use because "there is considerable danger that evidence that witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony").

When Plaintiff's counsel raised these bars to admission with opposing counsel in our conference on this motion, they offered two (extremely-tortured) alternative basis for admissibility, i.e. supposed reasons for admissibility unrelated to impeachment by conviction. First, counsel tried to claim that Plaintiff lied at his deposition about the number of times he was convicted, and that he would attempt to impeach Plaintiff with that lie. The claim that he lied, however, is simply incorrect. At his deposition, Plaintiff was asked how many times he was convicted and he testified one other time previously. *See* Exhibit A (Homes Dep.) at 190. In response the examiner asked Mr. Holmes why the sentencing transcript mentioned three convictions. *Id.* at 191. Mr. Homes explained that all he knew was that there was a single prior proceeding, which resulted in three concurrent sentences. *Id.* at 191. The excerpted colloquy below demonstrates that Mr. Holmes absolutely did not attempt to mislead at his deposition. It reflects, at most, the fact that Mr. Holmes is not a lawyer and was giving his lay understanding:

> Q: I believe I was asking you before about other convictions. You have had at least one other conviction, correct?
>
> A: Just one.
>
> Q: Besides this case?
>
> A: One more, yes.
>
> Q: Okay. And when was that?
>
> A: '90, I believe.

4

Q: And what were you convicted of?

A: Controlled substance. I mean -- yes, I believe so.

Q: Was that again heroin, or cocaine?

A: Heroin.

Q: Now, I want --

A: Possession of a controlled substance.

Q: Okay. Now, on September 13, 2001 during that court appearance Judge Rozak talked about there being three separate convictions that resulted in one consolidated sentence. Did you have three separate possession charges, do you know? Do you remember him saying that?

A: He said that. They had arrested me three times. So, they ran -- all that they said three convictions. They put all that into one. I don't know how they do that. They are trying to railroad you.

Q: So, as far as Judge Rozak was concerned, you had three convictions. As far as you are concerned, you had one conviction?

A. They run it concurrently. It was three cases they ran concurrently.

Q: And what was your sentence for these three cases?

A: She sentenced me for four years, but I served four months.

*Id.* at 190-92.

It would be extremely unfair if defense counsel were permitted to parlay this conversation into an occasion to admit evidence of convictions that are otherwise clearly barred by FRE 609(b). There is nothing in the conversation that indicates Mt. Holmes was attempting to be deceptive. Rather, when the examiner got an answer he believed to be incorrect he stopped to clarify and make sure the witness understood, as an examiner must. The additional question

5

revealed a misunderstanding which was immediately corrected. This is not evidence of dishonesty and it should not open the door to evidence of otherwise barred convictions.

Defendant's other reason is a still greater stretch. Defense counsel has stated that they want to offer the conviction to show that Plaintiff has a history of substance abuse. At the outset, the entire supposition that substance abuse (a terribly prejudicial topic in its own right) is relevant or admissible in this case is riddled with problems and fails for reasons which are the subject of Plaintiff's Third Motion *in Limine*. However, even assuming for the moment that substance abuse was admissible at this trial, that hardly justifies admitting the most prejudicial possible version of that evidence.

Plaintiff has never denied the fact that he has used drugs in the past and, were the Court to deny Plaintiff's Third Motion *in Limine* and hold that the topic is fair game, Plaintiff would testify to the fact of his prior substance abuse. There is no need for Defendant to reprove his prior substance abuse through the unfairly prejudicial fact of a conviction, and so FRE 403 bars use of the convictions for that purpose. *See* FRE 403 (barring use of cumulative and unfairly prejudicial evidence); *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996) ("Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial, with all the potential for confusion, as well as prejudice to other litigants"). *See, e.g., United States v. DeLuca*, No. 00 CR 387, 2002 WL 370213, at *2 (N.D. Ill. Mar. 8, 2002) (where defendant made verbal and written admissions showing his knowledge that artifacts he possessed were contraband, court barred evidence of additional admission to same effect containing prejudicial statements because the writing "present[ed] a

6

danger of unfair prejudice and because the statements on the envelope are cumulative of other evidence in the case").

## Conclusion

For the foregoing reasons, the Court should bar (1) all evidence of the three convictions more than ten years old (both the fact of the convictions and the underlying crime) and (2) bar all evidence of the conviction for which Plaintiff was incarcerated at the time of his injuries, other than the sole fact of the conviction itself.

## Local Rule 37.2 Statement

Prior to filing this motion, Plaintiff's counsel disclosed the motion to defense counsel, along with a short description of what specifically Plaintiff sought to bar and why. On March 21, 2006 at 3:30 p.m. at the location of the law offices of Charysh & Shroeder, Plaintiff's counsel, Michael Kanovitz and Amanda Antholt, met with Defendant's counsel, Michael Charysh and Richard A. Tjepkema, to discuss this motion. Unfortunately, after good faith attempts to resolve this issue, the parties were unable to reach an accord.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| Plaintiff, | ) |
| vs. | ) No. 02 C 7266 |
| WILL COUNTY SHERIFF BRENDAN D. WARD, in his official capacity, WEXFORD HEALTH CARE SOURCES, INC., unknown HEALTH CARE PROVIDERS, and unknown WILL COUNTY ADULT DETENTION FACILITY CORRECTIONAL OFFICERS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

      The deposition of EDWARD HOLMES, taken before Eileen Bailey, a notary public in and for the County of DuPage and State of Illinois, taken pursuant to the Federal Rules of Civil Procedure for the Northern District Illinois, at Suite 195, 333 Pierce Road, Itasca, Illinois, on Wednesday, March 5, 2003, at the hour of 10:30 o'clock, a.m., pursuant to Notice.

Reported for
ADVANTAGE REPORTING SERVICE, by
Eileen Bailey, CSR, RPR

1 a controlled substance.

2   Q.   Was it use or possession?

3   A.   Possession of a controlled substance.

4   Q.   And that controlled substance was
5 cocaine, or heroin?

6   A.   Heroin.  I need a break.

7 MR. ROSE:  Okay.

8

9       ( Whereupon a short recess was had,
10         after which the preceding
11         deposition continued as follows:)

12

13 MR. ROSE:  Q.  I believe I was asking you
14 before about other convictions.  You have had at
15 least one other conviction, correct?

16   A.   Just one.

17   Q.   Besides this case?

18   A.   One more, yes.

19   Q.   Okay.  And when was that?

20   A.   '90, I believe.

21   Q.   And what were you convicted of?

22   A.   Controlled substance.  I mean -- yes, I
23 believe so.

1  Q.   Was that again heroin, or cocaine?
2  A.   Heroin.
3  Q.   Now, I want --
4  A.   Possession of a controlled substance.
5  Q.   Okay. Now, on September 13, 2001, during that court appearance Judge Rozak talked about there being three separate convictions that resulted in one consolidated sentence. Did you have three separate possession charges, do you know? Do you remember him saying that?
11  A.   He said that. They had arrested me three times. So, they ran -- all that they said three convictions. They put all that into one. I don't know how they do that. They are trying to railroad you.
16  Q.   So, as far as Judge Rozak was concerned, you had three convictions. As far as you are concerned, you had one conviction?
19  A.   They run it concurrently. It was three cases they ran concurrently.
21  Q.   And what was your sentence for these three cases?
23  A.   She sentenced me for four years, but I

1 served four months.

2 Q. So you were sentenced for four years,
3 but you only served four months?

4 A. Yes, sir. I was back home.

5 Q. Why did you serve so little of your
6 sentence?

7 A. I really can't say why, sir. I really
8 don't know, because I really didn't do nothing.
9 They just put the X on my back.

10 Q. When did you serve these four months?

11 A. In '90. '90 or '91.

12 Q. Okay. And it's your testimony that
13 other than these three cases that resulted in one
14 concurrent sentence, and this case, you were
15 not -- you have never been convicted of any other
16 crimes?

17 A. Correct. To my best knowledge,
18 correct.

19 MR. ROSE: Okay. I don't have any further
20 questions.