IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 02 C 7266 |
| v. ) | |
| ) | Magistrate Judge Brown |
| DR. KUL SOOD, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SECOND MOTION *IN LIMINE*
TO BAR REFERENCE TO PRIOR ARRESTS OTHER THAN THE ARREST
FOR WHICH PLAINTIFF WAS JAILED IN MARCH 2001**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, respectfully moves this Honorable Court to enter an order barring admission of evidence regarding prior arrests of Plaintiff or of an expected witness, Tim Smith. In support of the Motion, Plaintiff states as follows:

Plaintiff Edward Holmes has previously been arrested. With one *very slim* exception discussed below, the fact of the prior arrests and the conduct Plaintiff allegedly engaged in are not probative of any issue in this case and, even if they were, the danger of unfair prejudice would bar their admission. *See* FRE 402 ("Evidence which is not relevant is not admissible.") and 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). Courts routinely require exclusion of all evidence regarding prior arrest for these very reasons. *See Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 853-55 (N.D. Ill. 2001) (carefully considering and

rejecting all arguments for admission of arrest record -- such as "bias" or damages -- because prejudice outweighs probative value); *Jones v. Scientific Colors, Inc.*, No. 99 C 1959, 2001 WL 668943, at *2 (N.D. Ill. June 14, 2001) ("Whether any of the claimants have been previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten").

Nevertheless, there is one (and only one) fact that the jury must hear about Plaintiff being arrested in the past. Mr. Holmes was in the Will County Adult Detention Facility ("WCADF") briefly in March of 2001 after he was arrested for the crime that resulted in the conviction in September 2001. The reason why the jury will have to learn of this one fact is because Mr. Holmes was seen by WCADF medical staff at the time of the March arrest and they created three pages of medical records which were part of Mr. Holmes' chart when he returned after his plea in September 2001. Thus, the fact that he was in WCADF briefly in March is relevant background.

Of course, that small piece of background information does not open the door to additional, prejudicial facts about the arrest. For example, the reason why Mr. Holmes was arrested has no probative value at all, the only thing that matters is the fact that he was at the WACDF briefly in March following the arrest. Whether the arrest was for murder or jaywalking is irrelevant, and telling the jury about the alleged crime can serve no purpose other than to engender prejudice.

Second, Plaintiff moves to bar all evidence of prior arrests of an expected witness, Tim Smith. Mr. Smith was incarcerated at the WCADF in September and October of 2001 with Plaintiff. He may call Mr. Smith to testify about his deteriorating condition, *e.g.* the expansion of his abdomen, his loss of weight, *etc*. The reason why Mr. Smith was present at the WCADF is

entirely irrelevant. All that matters is that he was there and observed Mr. Holmes' condition. Moreover, Mr. Smith was acquitted so there will never be a basis to use his alleged involvement in a crime (he was arrested for a murder) to impeach him. Evidence of the crime or arrest can serve only to inflame unfair prejudice.

## Local Rule 37.2 Statement

Prior to filing this motion, Plaintiff's counsel disclosed the motion to defense counsel, along with a short description of what specifically Plaintiff sought to bar and why. On March 21, 2006 at 3:30 p.m. at the location of the law offices of Charysh & Shroeder, Plaintiff's counsel, Michael Kanovitz and Amanda Antholt, met with Defendant's counsel, Michael Charysh and Richard A. Tjepkema, to discuss this motion. Unfortunately, after good faith attempts to resolve this issue, the parties were unable to reach an accord.

WHEREFORE, Plaintiff respectfully requests an Order barring all references to prior arrests and the fact underlying them other than the one, limited fact that Mr. Holmes was arrested in March 2001 for the crime that he pled guilty to in September of 2001.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

3