IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FOURTH MOTION *IN LIMINE* TO BAR REFERENCE TO OTHER IRRELEVANT AND EMBARRASSING HEALTH CONDITIONS**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, and moves *in limine* to bar all references to other irrelevant and embarrassing health conditions. In support, Plaintiff states as follows:

### Introduction

No one can claim that Plaintiff was a healthy man prior to his detention at the WCADF in September and October 2001. He had a history of orthopedic, gastrointestinal, erectile disfunction, and other problems long predating his incarceration. In other words, Plaintiff could hardly get up at trial and claim that he can no longer sky dive as a result of Dr. Sood's misconduct, and that is not what his damages claim is about. Plaintiff's damages claim concerns the suffering he experienced while under Dr. Sood's care, the colon removal surgery he underwent on October 14, 2001 following his release from the WCADF, the ileostomy installed in that surgery, and a second set of surgeries to try (unsuccessfully) to remove the ileostomy. Those are very serious injuries that have had an impact on him which is compensable quite apart from his other health problems. Plaintiff's history of gastrointestinal problems are certainly

relevant to those damages claims, but going into detail about other embarrassing medical issues is not relevant and would unduly delay the case, and distract the jury. Specifically, Plaintiff's medical history of orthopedic condition, arthritis, asthma, two hip replacement surgeries, and erectile disfunction should all be barred pursuant to FRE 403.

## A Brief Medical History

For the convenience of the Court, Plaintiff summarizes his medical history.[1] When he was young, Mr. Holmes had asthma, but it has not been a significant health problem as an adult. More than 20 years ago, Mr. Holmes began to suffer from back problems. Those back problems have continued throughout his life, and he has received orthopedic treatment. As well as his back pain, Mr. Holmes has also continuously received orthopedic care for his arthritis, a condition relating to bone deterioration, and chronic pain.

In the 1980s, Mr. Holmes had hemorrhoidal surgery and his medical history also includes an appendectomy and high blood pressure. In 1989, Mr. Holmes was hospitalized with a gunshot wound to his right thigh.[2] That year, Mr. Holmes also underwent his first hip replacement. In the 1990s he had an anal fissure, ulcers, perirectal abscess, anal fistulas, gastritis, several rectal surgeries, and his second hip replacement. Over the course of several hospitalizations beginning in 1996, Plaintiff was diagnosed with pancreatitis and hemorrhoids.

---

[1] This is not intended to be comprehensive, but a summary of the major events, conditions, and treatments based on the medical records and Plaintiff's memory of his medical history (as discussed at length at his deposition). Mr. Holmes' medical records for the last decade have been subpoenaed in this case from his health care providers at Silver Cross Hospital. Records from his primary care providers and his orthopedic treaters have also been subpoenaed. The medical records total more than 5000 pages.

[2] Defendant has agree to not reference the gunshot wound. *See* Pre-Trial Order, Agreed Motions *in Limine*.

2

In January 2000, Plaintiff's medical records reflect that he was hospitalized at Silver Cross with complaints of abdominal pain for two days and constipation for five days with a small amount of stools. He was diagnosed with an obstruction (small bowl or ileus). Mr. Holmes underwent a colostomy and was found to have a rectal stricture with possible pseudo-obstruction. In March 2000, the colostomy was successfully reversed. In May 2000, Mr. Holmes received a prescription for Viagra.

In November, Mr. Holmes returned to Silver Cross Hospital with complaints of rectal bleeding. He was treated conservatively with antibiotics and an NG-tube, colonoscopy, and medications. A month later, in December 2000, Plaintiff returned with complaints of diffuse abdominal pain and difficulty with his bowel movements. He was diagnosed with recurrent pancreatitis and gastritis, and was again treated conservatively without surgical intervention. Plaintiff was also treated in 2000 for a orthopedic condition, which caused him joint pain in his shoulders and knees.

Plaintiff's next hospitalization was on July 27, 2001 after several days of abdominal pain, constipation, and nausea. According to the physician reports, an x-ray of his colon showed it filling up with abdominal gas and stool and a possible rectal stricture. Mr. Holmes was successfully treated with conservative treatment: an NG-tube, colonscopy, enemas, liquids, and anti-spasmodic medication. He was discharged on August 3, 2001.

### Medical History Outside of the Gastrointestinal Issues Is Not Relevant, and Would Cause Undue Confusion and Delay

By and large, the bulk of Plaintiff's medical history relates to his gastrointestinal issues and his chronic pain. The other medical issues, however, are not relevant to this case, and would

only serve to embarrass Plaintiff, distract or confuse the jury and delay the case. Thus, reference to these other medical conditions should be barred pursuant to FRE 403.

Allowing the defense to put on evidence regarding Plaintiff's history of orthopedic treatment, arthritis, asthma, hemorrhoids, two hip replacement surgeries, and erectile disfunction will draw this case out with undue over-emphasis on irrelevant medical evidence and history. Plaintiff will be forced to explain all of his prior medical care and conditions, many of which he is not expert enough to espouse. Despite all the time and attention that will be devoted to these issues, none of it will add any value to deciding the real issues. Further, presenting evidence of unrelated medical conditions and treatment risks not only distracting the jury, but confusing them with emphasis on numerous other health conditions.

Plaintiff appreciates that he must take care not to "open the door" to such evidence by over-claiming his injuries, but he has no intention of doing that. Rather he will limit his claim to the injuries identified above. Accordingly, the Court should bar admission or mention of Plaintiff's history of orthopedic treatment, arthritis, asthma, hemorrhoids, two hip replacement surgeries, and erectile disfunction.

### Local Rule 37.2 Statement

Prior to filing this motion, Plaintiff's counsel disclosed the motion to defense counsel, along with a short description of what specifically Plaintiff sought to bar and why. On March 21, 2006 at 3:30 p.m. at the location of the law offices of Charysh & Shroeder, Plaintiff's counsel, Michael Kanovitz and Amanda Antholt, met with Defendant's counsel, Michael Charysh and Richard A. Tjepkema, to discuss this motion. Unfortunately, after good faith attempts to resolve this issue, the parties were unable to reach an accord.

WHEREFORE, Plaintiff seeks an Order barring any and all references to Plaintiff's orthopedic treatment, arthritis, asthma, hemorrhoids, two hip replacement surgeries, and erectile disfunction.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

5