IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIFTH MOTION *IN LIMINE* TO BAR
FRCP 26(a)(2)(B) TESTIMONY FROM DEFENDANT DR. SOOD**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, respectfully moves this Honorable Court to enter an order barring FRCP 26(a)(2)(B) testimony from Defendant Dr. Sood. In support, Plaintiff states as follows:

As this Court made clear to the parties back in 2004, the Federal Rule of Civil Procedure 26(a)(2) and 7th Circuit case law require strict disclosure of all expert opinion testimony whether by a treater or a retained expert. The purpose for requiring disclosure is to ensure that the opposing side has the opportunity to explore any opinions, consider retaining rebuttal experts, and bring *Daubert* motions if necessary. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004). The opinions of a treating physician are every bit as implicated by the concerns as those of retained experts and, while courts generally allow treaters to testify on matters related to the diagnosis and treatment which are reflected in the medical records, they cannot opine on issues such as causation, prognosis or future impact unless they provide the same report as a retained expert under FRCP 26(a)(2)(B). In other words, parties cannot use

treaters to pull a sneak attack at trial. This Court's standing order enforces those ground rules. *See* Standing Order as to Expert Disclosure and Discovery.

Defendant here appears to be attempting to do just that. The only Rule 26(a)(2) disclosure made by Defendant was a retained expert witness, Dr. Clark. Defendant did not expressly disclose any treaters, including himself, under Rule 26(a)(2) and, more importantly, submitted no report on matters of causation, prognosis and the like. Nonetheless, Defendant has included on the pretrial order a disclosure of Dr. Sood as an expert. He has not particularized what such testimony may be and Plaintiff perceives none that are proper. *See* Pre-Trial Order, Defendant's Witness List, at 7 (listing Sood as an "expert witness").

This Court Standing Order makes clear, in no uncertain terms, that "[t]estimony by a treating physician as to causation or prognosis or future impact of the condition or injury is subject to the report requirement of Rule 26(a)(2)(B)." *See* Standing Order as to Expert Disclosure and Discovery. Further, even if the witness is not a retained expert, the opinion testimony must nonetheless be disclosed: "the Rule 26(a)(2)(A) identification disclosure shall nevertheless include a written statement containing a complete statement as to all expert opinions to be expressed by that witness." *Id.* Without a Rule 26(a)(2)(B) report, a treating witness, including the Defendant, cannot give opinion testimony subject to Rule 26(a)(2), but is limited to: "(a) a description of the symptoms presented to the physician; (b) description of records or other information relied on to provide treatment; (c) any diagnosis made for purpose of treatment, and (d) a description of any treatment prescribed or provided." *Id.*

This Court's order is consistent with the Seventh Circuit case law which has interpreted Rule 26(a)(2) to require disclosure of treaters from whom opinion testimony will be elicited.

*See, e.g., Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 740-43 (7th Cir. 1998); *Musser*, 356 F.3d at 756 -758. As discussed at length in the *Musser* decision, Rule 26 divides witnesses into three categories. 356 F.3d at 756. The first category is that of fact witnesses who must be disclosed pursuant to FRCP 26(a)(1). *Id.* The second category falls under the disclosure requirement of Rule 26(a)(2), and includes all witnesses who will present evidence under Federal Rules of Evidence 702, 703, or 705. *Id.* at 756-57. This includes expert witnesses who are retained, as well as treaters who will give opinion testimony. *Id* The third category is that of retained experts who are required by Rule 26(a)(2)(B) to provide expert reports. *Id.*

In this case, Defendant never disclosed himself under 26(a)(2)(A), much less under 26(a)(2)(B).¹ Rather, he waited until responding to the draft pre-trail order on March 13, 2006 to disclose himself as an expert, and he still has not put his cards on the table about what that expert testimony may be. This is not allowed under the rules. "[*A]ll* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." *Musser*, 356 F.3d at 756 (emphasis in original). Because Defendant did not disclose himself under Rule 26(a)(2), Plaintiff did not conduct any discovery into his opinions or qualifications as an expert. To allow Defendant Sood to now give unknown expert opinions on any range of topics would greatly prejudice Plaintiff's ability to prepare his case at trial and should not be

---

¹ Coincidently, just two months ago, Plaintiff's counsel recently took another prisoner case for failure to provide medical care case to trial in this District. *See McSorley v. Del Re, et al.*, Case No. 04-5882. In that case, the defense also attempted to use the defendant doctor as an expert witness without having made the proper Rule 26(a)(2) disclosure. *See McSorley v. Del Re, et al.*, Case No. 04-5882, Docket No. 85, Plaintiff's Motion in Limine No. 4. Judge Castillo easily rejected the argument that a defendant treater could give opinion testimony without making a Rule 26(a)(2) disclosure and barred any such testimony. Plaintiff is ordering this transcript on an expedited basis and will provide it to the Court and opposing counsel as soon as possible.

3

allowed. *See Musser*, 356 F.3d at 757 ("The Federal Rules of Civil Procedure, however, demand [] formal designation . . . Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial."). As the Court explained:

> The failure to disclose experts prejudiced Gentiva because there are counter-measures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.

*Id.* at 757 - 758.

Rule 37(c)(1) mandates that Dr. Sood be barred from giving any expert testimony at trial because the non-disclosure is neither justified nor harmless. *See* Rule 37(c)(1). This is not a case such as *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000), where the failure can be excused. In that case, although the final reports were not filed on the deadline, the experts were disclosed along with preliminary reports, and both sides had agreed to extensions on the discovery. *Id.* at 612-13. Here, on the other hand, Defendant has no justification and even now, Plaintiff has no idea to what Sood will opine.

Thus, Sood should be barred from testifying about any matter within the scope of FRE 702, 703 or 705. At a minimum, the Court must preclude testimony as to causation, prognosis and/or future impact, because Sood has served no report under FRCP 26(a)(2)(B). Plaintiff has no fair warning at all and has been deprived of the ability to pursue other avenues such as counter-experts and *Daubert* motions. The Court should also bar Sood from giving expert

4

testimony even relating to his own treatment because he did not provide any disclosure under (a)(2)(A).[2]

### Local Rule 37.2 Statement

Prior to filing this motion, Plaintiff's counsel disclosed the motion to defense counsel, along with a short description of what specifically Plaintiff sought to bar and why. On March 21, 2006 at 3:30 p.m. at the location of the law offices of Charysh & Shroeder, Plaintiff's counsel, Michael Kanovitz and Amanda Antholt, met with Defendant's counsel, Michael Charysh and Richard A. Tjepkema, to discuss this motion. Unfortunately, after good faith attempts to resolve this issue, the parties were unable to reach an accord.

---

[2] Defendant is separately bringing a motion *in limine* to bar Plaintiff from calling the other treaters on matters related to their treatment, claiming that we failed to make a proper FRCP 26(a)(2)(A) disclosure. Plaintiff's position, which is explained in greater detail in his response to that motion, is that he did disclose the treaters, and, regardless, the diagnosis and the treatment they administered are available in the records and were all explored in discovery. Plaintiff has no intention of going beyond "(a) a description of the symptoms presented to the physician; (b) description of records or other information relied on to provide treatment; (c) any diagnosis made for purpose of treatment, and (d) a description of any treatment prescribed or provided" into matters like causation or prognosis. *See* Standing Order as to Expert Disclosure and Discovery. Thus, while a (2)(A) disclosure was necessary, no (2)(B) report was required of Plaintiff. Importantly for present purposes, what is good for the goose is good for the gander. If the other treaters cannot give (2)(A) testimony then neither can Sood. Moreover, regardless of what the other treaters may testify to, Dr. Sood clearly cannot give (2)(B) testimony.

5

WHEREFORE, Plaintiff seeks an Order barring Defendant Sood from giving expert testimony at trial, including that relating to treatment, causation, and damages.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900