IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S FIRST MOTION IN LIMINE BARRING CUMULATIVE EXPERT WITNESS TESTIMONY**

Defendant, DR. KUL SOOD, by his attorneys, CHARYSH & SCHROEDER, LTD., moves this Honorable Court to enter an order in limine barring plaintiff, his counsel and/or any witness from questioning, arguing, mentioning or referring in any way, or introducing into evidence cumulative expert witness testimony.

1. Plaintiff has identified two expert witnesses, Dr. Ronald Himmelman and Dr. James Franklin. Dr. Himmelman's opinion primarily focuses on Dr. Sood's failure to send Mr. Holmes to a hospital for an obstructive series of x-rays. (dep. p. 103). In this way Dr. Sood failed to adequately work up Holmes' abdomen. (dep. p. 106) Excerpts from this deposition are attached as Exhibit A.

2. Dr. Franklin's opinion was that Dr. Sood should have obtained an obstructive series of x-rays. (dep. p 130) Attached as Exhibit B.

3. Rule 403 of the Federal Rules of Evidence excludes evidence whose probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. (FRE 403)

4.  It is proper for a trial court to exclude cumulative evidence, even if such testimony comes from plaintiff's medical expert witnesses. **<u>Hill v. Porter Memorial Hosp.</u>**, 90 F.3d 220 (7th Cir. 1996). In *Hill* the District Court excluded two of plaintiff's medical witnesses. The Seventh Circuit affirmed finding that the testimony of the excluded doctors appeared to be largely, if not totally cumulative to other experts and the plaintiff did not show how the testimony of the excluded witnesses would have differed from that which was admitted.

5.  In this case the opinion of Dr. Franklin is purely cumulative to that of Dr. Himmelman: That Dr. Sood should have sent Holmes to the hospital for the obstructive series of x-rays.

6.  As the testimony of Dr. Franklin is cumulative to that of Dr. Himmelman this court should enter an order prohibiting plaintiff from presenting the testimony of both doctors concerning their criticism that Dr. Sood should have sent Holmes to the hospital for an obstructive series prior to his release.

7.  On March 21, 2006, at approximately 3:00 p.m., Amanda Antholt and Michael Kanovitz, counsel for plaintiff and Michael Charysh and Richard Tjepkema met in person, at the law offices of Charysh & Schroeder, and attempted in good faith to resolve differences related to this motion but were unable to reach an accord.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an order in limine prohibiting plaintiff from presenting any cumulative evidence from his disclosed expert witnesses, including testimony that Dr. Sood should have sent Holmes for an obstructive series of x-rays, and such other relief as the court deems just and proper.

                                      CHARYSH & SCHROEDER, LTD.


                                      _/s/ Michael J. Charysh_____

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on March 27, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: