IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SECOND MOTION IN LIMINE BARRING EXPERT OPINION TESTIMONY WHICH HAS NOT BEEN DISCLOSED PURSUANT TO RULE 26(A)(2) AND THIS COURT'S STANDING ORDER**

Defendant, DR. KUL SOOD, by his attorneys, CHARYSH & SCHROEDER, LTD., moves this Honorable Court to enter an order in limine barring plaintiff, his counsel and/or any witness from questioning, arguing, mentioning or referring in any way, or introducing into evidence undisclosed expert opinion testimony under Rules 702, 703 or 705 of the Federal Rules of Evidence and in support thereof states:

1. Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure a party shall disclose the identity of any person who may be used to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

2. Rules 702, 703 and 705 govern the admission into evidence of testimony of experts, the bases of opinion testimony by experts and the disclosure of facts or data underlying expert opinion. (FRE 702, 703 and 705)

3. This Court's Standing Order as to Expert Disclosure and Discovery further provides that treating physicians must be identified pursuant to Rule 26(a)(2)(A) but waives the report requirement for Rule 26(a)(2)(B) as long as the testimony of the treating physician

is limited to a description of the symptoms presented to the physician; a description of the records or other information relied on to provide treatment; any diagnosis made for purpose of treatment; and a description of any treatment prescribed or provided.

4. The court's standing order further provides that any disclosure pursuant to Rule 26(a)(2)(A) shall ***specifically designate*** the witness as a person who will provide testimony under Rule 702, 703, or 705 and if the witness is not subject to the report requirement of the rules the disclosure ***shall*** include a written statement containing a ***complete statement as to all expert opinions*** to be expressed by that witness.

5. On May 14, 2004 plaintiff disclosed that he intended to call two expert witnesses; Dr. Franklin and Dr. Himmelman. (See plaintiff's May 14, 2004 disclosure attached hereto as Exhibit A)

6. Prior to this disclosure , a joint motion to amend the discovery schedule was filed on February 9, 2004, in which plaintiff states that he has disclosed to defendants that he intends to call ***the*** treating physicians to testify only as treaters and not to give testimony on causation, prognosis and future impact subject to Rule 26(a)(2). (See joint motion attached hereto as Exhibit B)

7. It is anticipated that plaintiff will claim this February 9, 2004, motion satisfies the requirements of Rule 26(a)(2)(a) as well as this Court's Standing Order with regard to any medical personnel plaintiff plans to call beyond Dr. Franklin and Dr. Himmelman.

8. In the final pretrial order plaintiff indicates he will call Dr. Sood, and may call Julie McCabe (a social worker), Christine Keenan, Dottie Clark, Mary Jo O'Sullivan, John Petrocelli, Cindy Boston and Carleen Sloan (all of whom are nurses), and Dr. Darbandi and Dr. Rotnicki (both medical doctors) as witnesses at trial.

9. While plaintiff may claim that the February 9, 2004 motion satisfies the requirement of Rule 26(a)(2)(A) as disclosing his intention to call plaintiff's treating physicians, he had never, prior to the Final Pretrial Order disclosed which of his numerous treating physicians he planned on calling. Plaintiff also did not provide any indication as to which time period these treating physicians might come from, i.e. before plaintiff's incarceration, during his incarceration, or after his incarceration.

10. In plaintiff's answers to interrogatories plaintiff identified three physicians or surgeons, Dr. Mukanda, Dr. Darbandi, and Dr. Marwana. In plaintiff's Rule 26(a)(1) disclosure he further disclosed Dr. Y. Shaw as his physician. Plaintiff's medical records from Silver Cross hospital (totaling 10 volumes) also indicate the following physicians could be considered plaintiff's "treaters:" Dr. Pethkar, Dr. Hashim, Dr. Castro, Dr. Abbasi, Dr. Mikolajczak, Dr. Nagarkatte, Dr. Gadde, Dr. Zambrano, Dr. Hamad, and Dr. Tyler among numerous other doctors who saw or treated plaintiff in his long and complicated medical history.

11. Without plaintiff specifically identifying which 'treaters' plaintiff planned on calling as witnesses his February 9, 2004 'disclosure' amounts to no disclosure at all. As can be seen above plaintiff's medical history does not include one or two treating physicians, but many doctors who could provide numerous opinions as to plaintiff's health and treatment.

12. By failing to provide defendant with the names of the doctors whom he planned to call as witnesses defendant was left to guess which doctors he actually planned to call as witnesses. No doubt this is the reason Rule 26(a)(2)(A) and this court's standing order requires a party to "identify" the physicians a party plans to call as witnesses.

13. Even if the joint motion satisfied the "identify" requirement of Rule 26(a)(2)(A) and this court's order, plaintiff has completely failed to provide a written statement containing a complete statement as to all of the expert opinions expressed by that witness.

14. Pursuant to Rule 37 of the Rules of Civil Procedure the appropriate sanction for failure to disclose pursuant to Rule 26(a) is to bar the witness at trial unless the failure is harmless. **_Musser v. Gentiva Health Services_**, 356 F.3d 751 (7th Cir. 2004)

15. In the present case it would have presented an incredible hardship to attempt to depose all of plaintiff's treating physicians, in fact the deposition of Dr. Rotnicki has not even been taken. As such plaintiff's failure to disclose was not harmless and therefore plaintiff should not be allowed to call any of plaintiff's treating physicians which were not properly disclosed and for which plaintiff did not provide a written statement regarding their testimony, including Dr. Rotnicki, Dr. Darbandi, and Dr. Sood.

16. Further plaintiff failed to disclose his intention of calling any of the nurses listed above. While plaintiff may claim that the testimony of the nurses are not "expert opinions" and therefore not subject to the disclosure requirement of Rule 26(a)(2)(A), what other evidence or testimony are these nurses to provide? The only relevant testimony would be based on the scientific, technical and specialized knowledge the nurses possess to assist the trier of fact in understanding the issues in this case. (See FRE 702)

17. The same is true as to the Social Worker McCabe. Plaintiff has not identified what this witness is going to testify to. But what facts could she offer without offering opinions based upon her experience as a social worker and in the jail system? As such, the

only relevant testimony of this witness should be barred by the failure to disclose her as an expert and the failure to disclose the substance of her testimony.

18. Again, plaintiff failed to provide any written statements containing all of the opinions to be expressed by the nurses. As with the treating physicians, an appropriate sanction for failure to disclose the identity of the nurses as witnesses and further for the plaintiff's failure to provide a written statement containing a complete statement as to the opinions the witnesses will provide is to bar the plaintiff from using the evidence at trial. (FRCP 37(c)(1))

19. With regard to the nurse witnesses identified by the plaintiff in the Final Pretrial Order, Christina Keenan was not deposed. As such plaintiff should not be allowed to call his nurses as witnesses to provide expert opinion testimony.

20. Further, as plaintiff's disclosed expert, Dr. Franklin, relied upon an affidavit of Keenan in coming to his opinions he should further be barred from using this affidavit, as to allow plaintiff's disclosed expert witness to rely upon an affidavit containing the opinions of an undisclosed expert would allow plaintiff to benefit from this evidence notwithstanding his violation of the Rule 26(a)(2)(A) requirements as well as this Court's own standing order.

21. On March 21, 2006, at approximately 3:00 p.m., Amanda Antholt and Michael Kanovitz, counsel for plaintiff and Michael Charysh and Richard Tjepkema met in person, at the law offices of Charysh & Schroeder, and attempted in good faith to resolve differences related to this motion but were unable to reach an accord.

WHEREFORE, Defendant respectfully requests this Honorable Ccourt enter an order in limine prohibiting plaintiff from presenting any evidence from Dr. Sood, Dr. Darbandi, Dr.

Rotnicki, social worker McCabe, and nurses Keenan, Clark, O'Sullivan, Petrocelli Sloan and Boston, and such other relief as the court deems just and proper.

                                        CHARYSH & SCHROEDER, LTD.

                                        _/s/ Michael J. Charysh_____

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on March 27, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: