IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FOURTH MOTION IN LIMINE PROHIBITING ANY TESTIMONY REGARDING PRIOR OR OTHER CLAIMS**

Defendant, DR. KUL SOOD, by his attorneys, CHARYSH & SCHROEDER, LTD., moves this Honorable Court to enter an order in limine barring plaintiff, his counsel and/or any witness from questioning, arguing, mentioning or referring in any way, or introducing into evidence any prior or other claims, and in support thereof states:

1.  During both sessions of Dr. Sood's deposition plaintiff inquired about whether Dr. Sood had ever been a defendant in a civil case relating to his position as medical director at various correctional facilities.

2.  It is anticipated that plaintiff will attempt to make similar inquires concerning prior claims and lawsuits against Dr. Sood at trial before the jury in this matter.

3.  Such inquiry would be improper.

4.  In the Seventh Circuit, evidence of other acts are only admissible under FRE Rule 404(b) if they satisfy a four part test. First the evidence must be directed toward establishing a matter in issue other that the defendant's alleged propensity to commit the act. Second, the other acts must be similar enough and close enough in time to be relevant to the matter in issue. Third the evidence must be such that a jury could find that the act occurred

and that the defendant was the actor. Finally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. **_Harris v. Davis_**, 874 F.2d 461 (7th Cir. 1989)

5.  There are no prior claims or lawsuits which are sufficiently similar enough or close enough in time to be relevant to the matter at issue.

6.  There is no other purpose for attempting to present any prior lawsuits or claims other than to imply that since Dr. Sood has been a defendant in prior lawsuits arising out of his being the medical director at various correctional facilities he must have done something to violate Mr. Holmes' rights here. The very elements set forth by the Seventh Circuit prohibit such evidence.

7.  Further, allowing plaintiff to inquire about any prior lawsuit would surely be substantially outweighed by the great prejudicial effect.

8.  On March 21, 2006, at approximately 3:00 p.m., Amanda Antholt and Michael Kanovitz, counsel for plaintiff and Michael Charysh and Richard Tjepkema met in person, at the law offices of Charysh & Schroeder, and attempted in good faith to resolve differences related to this motion but were unable to reach an accord.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an order in limine prohibiting plaintiff from presenting any evidence regarding any prior or other lawsuits or claims against Dr. Sood and for such other relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.


 /s/ Michael J. Charysh_____



Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on March 27, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: