IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST MOTION *IN LIMINE* TO BAR EVIDENCE OF CONVICTIONS AND THE NATURE OF CONVICTIONS**

Defendant, Dr. Kul Sood, by his attorneys Charysh & Schroeder, Ltd., for his response to plaintiff's first motion *in limine* to bar the introduction of certain convictions and the nature of all of his prior convictions states:

**Plaintiff's 2001 Conviction**

Plaintiff has initially conceded the fact that he was "convicted" is admissible in this case as he claims his rights were violated while he was incarcerated after being convicted of felony possession of a controlled substance. However, plaintiff claims that the basis for the conviction, possession of a controlled substance, should be barred. Plaintiff appears to claim the reason for the conviction should not be admitted under FRE 403.

Plaintiff cites the court to cases he claims support the proposition that the introduction of possession convictions so prejudices a witness that plaintiff's conviction, for which he was serving a sentence at WCADF should be barred. The cases so cited do not stand for that proposition.

The plaintiff cites to *Brandon v. Village of Maywood*, 179 F.Supp.2d 847 (N.D.Ill 2001) for the proposition that a conviction for a minor drug offense is less probative of truthfulness then one for perjury or fraud. While the court in *Brandon* did find that admitting two convictions for the manufacture/delivery of cannabis would unfairly prejudice the plaintiff, this was a fact driven analysis. The main issue in the case was whether the police had a reasonable suspicion to believe he was involved in a drug transaction when arrested. The court found that a jury might improperly consider evidence of his prior convictions for similar offenses as an indication that the officers had a reason to suspect him of the same activity. The same cannot be said here, and therefore the same analysis does not apply.

*Townsend v. Benya*, 287 F.Supp.2d 868 (N.D.Ill 2003), also cited by the plaintiff, was a wrongful arrest case. The court did prohibit the introduction of the plaintiff's possession conviction without in depth discussion. However, it is likely the court found, as in *Brandon*, that the jury may have improperly used the evidence of the prior conviction to assume the police acted with reasonable suspicion when plaintiff was arrested by the defendants.

Plaintiff also cites this court to *US v. Cameron*, 814 F.2d 403 (7th Cir. 1987) for the proposition that evidence that a witness used illegal drugs may cause a jury to excessively discount the witnesses testimony. While *Cameron* so stated, this was in connection with the attempted introduction of evidence that a witness had used LSD. There was no discussion concerning any convictions for any drug crime. In this case plaintiff was convicted of felony possession of a controlled substance. That is why he was incarcerated at WCADF. As this conviction was for a felony with the last 10 years it

is presumptively admissible. This presumption did not apply in *Cameron* as there was no such conviction.

Plaintiff has brought this action claiming deliberate indifference in his medical care while incarcerated at WCADF. Plaintiff was so incarcerated due to a felony possession conviction. Plaintiff was convicted on July 9, 2001, and subsequently sentenced to three years in the Department of Corrections on September 13, 2001. He was incarcerated at WCADF for evaluation for the T.A.S.C. program. It is clear, therefore, this conviction was for a felony and was within the last ten years. As such, it is presumptively admissible pursuant to FRE 609(a)(1). This rule does not limit the introduction to just evidence that the witness was "convicted." The jury, therefore, has a right to know not only that a witness was convicted of a felony but also what it was for.

This was what the court found in *Coles v. City of Chicago*, 02 C 9246 (N.D.Ill. July 2005), the court allowed the introduction of a drug possession conviction in a civil rights case. The court found that even if the probative value was limited, that is not the same as no probative value. "Rule 403 does not permit the exclusion of probative evidence unless the probative value of that evidence is substantially outweighed by its unfair prejudice. Evidence of a conviction for possession of drugs does not carry 'the same potential for inflaming the jury' as does evidence of an armed robbery conviction. [citation omitted]. . . [E]vidence of a drug conviction (or any other conviction, for that matter) 'may diminish a witness's credibility and image in the eyes of a jury. [But i]f that alone were enough to exclude a conviction, then no convictions would be admitted." *Id.* at 6-7, quoting *Jones v. Sheahan*, Nos. 99 C 3669, 01 C 1844, 2003 WL 21654279 at *5 (N.D. Ill. July 14, 2003).

In <u>Jones v. Sheahan</u>, Nos. 99 C 3669, 01 C 1844, 2003 WL 21654279 at *5 (N.D. Ill. July 14, 2003), the plaintiff brought §1983 actions seeking recovery for alleged constitutional violations occurring at the Cook County Jail. Plaintiff sought to exclude his controlled substance conviction. The court found that the only argument offered by the plaintiff against the admission of the conviction was that it could lead the jury to decide the case on the improper basis of a dislike for a perceived drug user. The court found it proper to admit the conviction under Rule 609(a)(1) finding that "something more than the general negative impression a conviction may create as to credibility is needed to tip the balance in favor of exclusion. Here, the plaintiff has failed to provide that 'something more.'"

In the present case plaintiff does not present any reason why the basis for the conviction, which resulted in plaintiff being incarcerated at the Will County Adult Detention Facility ('WCADF"), could be excluded, other than it may diminish his image before the jury. The fact that evidence is prejudicial is not enough under Rule 403 to result in the exclusion of the evidence. Rule 403 requires a finding that the probative value of this the evidence is substantially outweighed by its prejudicial effect. In this case the fact that Mr. Holmes was convicted of possession of a controlled substance, which is why he was at the WCADF, is relevant, and this relevance is not substantially outweighed by its prejudicial effect and plaintiff's motion *in limine* in this regard should be denied.

### Plaintiff's Previous Convictions

Plaintiff is also seeking an order excluding any evidence of plaintiff's previous felony convictions. Plaintiff's counsel claims that during plaintiff's deposition he was

truthful when testifying he only had one prior felony conviction in 1990. Plaintiff asserts he was simply mistaken. During plaintiff's sentencing it was revealed that plaintiff had <u>three prior felony convictions</u>, one in each of the preceding decades. (See Oct. 4, 2001 transcript p. 4, copy attached as Exhibit A) Plaintiff, during his deposition on March 3, 2003, testified that he had <u>one</u> prior felony conviction. While he equivocated when confronted with the truth regarding his prior felony convictions, that does not mean he was initially "mistaken." In fact, this testimony reveals he never admitted the fact that he has three prior felony convictions. The plaintiff testified that they "said" he had three prior convictions and were simply trying to "railroad" him. Certainly, defendant should be able to impeach the plaintiff with prior false testimony.

As plaintiff has denied, under oath, that he has three prior felony convictions, defendant should be able to question plaintiff regarding his previous felony convictions, even though they are more then 10 years old.

WHEREFORE, defendant, Dr. Kul Sood respectfully requests this Honorable Court deny plaintiff's First Motion in Limine, and grant such other further relief as the court deems just and proper.

                                                        CHARYSH & SCHROEDER, LTD.

                                                        /s/ Michael J. Charysh

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: