IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION *IN LIMINE* TO BAR REFERENCE TO PRIOR ARRESTS EXCEPT FOR THE MARCH 2001 ARREST

Defendant, Dr. Kul Sood, by his attorneys Charysh & Schroeder, Ltd., for his response to plaintiff's second motion *in limine* to bar reference to prior arrests except the March 2001 arrest states:

After careful review of the parameters of plaintiff's Second Motion *in limine* and the cases cited therein, defendant does not have an objection to the motion with regard to plaintiff's prior arrests, except to the extent it would restrict inquiry into the charge which plaintiff was convicted of when incarcerated in WCADF, as well as the previous relevant convictions (which is the subject of plaintiff's First Motion *in Limine* and defendant's response thereto).

With regard to the arrest of Tim Smith, such evidence is relevant to his testimony. Evidence of this arrest is necessary for the jury to put his testimony in the proper light. Plaintiff claims that the reason why Mr. Smith was present at WCADF is wholly irrelevant. This simply is not true. Mr. Smith was a fellow inmate at WCADF. If the jury is not informed that he was arrested they could reach the incorrect conclusion that

Mr. Smith was a visitor, staff, otherwise at the facility of his own free will and able to leave when he wished. This was not true, and the jury should not be left with that impression.

Further, such evidence is relevant to show the bias Mr. Smith may have against all who are associated with Will County and the WCADF, as well as his empathy for Mr. Holmes. Smith was arrested and charged with murder. He was later acquitted. It is not a stretch to imagine he may harbor a bias against those who work at the jail where he was incarcerated, including defendant, on a charge he was later acquitted of. Court's have allowed the admission of previous arrests to show bias. *See Heath v. Cast*, 813 F.2d 254 (9th Dist. 1987)

As such, the arrest and charge against Mr. Smith are relevant and their probative value is not substantially outweighed by the danger of unfair prejudice. In fact, as Mr. Smith was acquitted of the crime, it should have little or no prejudicial effect on his character.

WHEREFORE, defendant, Dr. Kul Sood respectfully requests this Honorable Court deny plaintiff's Second Motion in Limine, and grant such other further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.

 /s/ Michael J. Charysh

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2006.

By: /s/ Michael J. Charysh\_\_
Attorney for Defendant

SERVICE LIST: