IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD MOTION *IN LIMINE*
TO BAR REFERENCE TO PLAINTIFF'S PRIOR SUBSTANCE ABUSE**

Defendant, Dr. Kul Sood, by his attorneys Charysh & Schroeder, Ltd., for his response to plaintiff's third motion *in limine* to bar reference to prior substance abuse states:

Plaintiff's third motion *in limine* seeks to bar mention of plaintiff's long history of substance abuse. Plaintiff bases his motion on the premise that the defendant seeks to introduce his substance abuse merely to prejudice him in front of the jury. This is not true, as plaintiff's long and continued substance abuse does have substantial probative value in this case.

Plaintiff's experts, as well as defendant's expert have testified that plaintiff's gastrointestinal problems were caused, at least in part, by plaintiff's narcotic and alcohol use/abuse. It is uncontroverted that plaintiff was a long time heroin addict. It is also uncontradicted that plaintiff is a chronic user of laxatives which also can cause or contribute to chronic colon disease such as what plaintiff suffered from prior to being treated by Dr. Sood.

During Dr. Franklin's testimony (one of plaintiff's experts) he indicated that when plaintiff was hospitalized in July, immediately prior to this incarceration, plaintiff suffered from chronic colon and intestinal disease including chronic intestinal ileus. Dr. Franklin further testified that narcotic use was an aggravating factor. (Dr. Franklin's dep. p. 57, attached as Exhibit A) Dr. Franklin further testified as follows:

> Q: The subsequent disability that you're describing, can you tell me to a reasonable degree of medical certainty that he would not have had it absent the conduct of Dr. Sood at the prison?
>
> A: It's impossible to answer that question.
>
> Q: So the answer is you can't say that, correct?
>
> A: I mean he-I have to recognize that he did have an underlying intestinal condition and that the events that occurred in the prison if they hadn't occurred in the prison might have occurred some other time in his life and he still might have progressed to the point that he needed surgery.
>
> Q: So you can't say definitively to a reasonable degree of medical certainty that but for what Dr. Sood did, he experienced the problems that you're talking about, correct?
>
> A: That's correct. (Exhibit B, page 129, lines 6-23)

Under questioning from plaintiff's counsel, Dr. Franklin further testified:

> Q: Mr. Charysh asked you sort of but for question relating to that Mr. Holmes may have conceivably, even if none of this had ever happened, perhaps under some set of circumstances we can imagine he may have had to have similar surgery.
>
> A: It is conceivable that the chain of events that evolved in his case might have occurred even if he had never been incarcerated and may have occurred as a subsequent event as part of the natural courses of the disease. (See exhibit B, page 157, lines 4-19).

Subsequent to the deposition of defendant's expert, Dr. Clark, plaintiff served upon defendant a rebuttal opinion from Dr. Franklin indicating that in his opinion "There

is a reasonable chance that had he been treated earlier for the colonic pseudo-obstruction, surgical intervention may not have been inevitable or necessary." (See Exhibit C)

It is necessary to delve into plaintiff's long and sustained history of narcotics abuse because it shows the jury, not only the underlying cause of the chronic condition, but the independent likelihood and inevitability of the surgery allegedly resulting solely from the short care provided by Dr. Sood, regardless of anything done or not done by Dr. Sood. Evidence of plaintiff's long medical history of continued treatment for this chronic intestinal/colonic problem which was being caused or exacerbated by his narcotic abuse is necessary to properly impeach Dr. Franklin's seemingly contradictory opinions as to the likelihood of plaintiff needing this surgery and causally linking it to the short treatment by Dr. Sood.

Plaintiff may claim that this argument can be advanced through testimony that he was on prescription narcotics for his chronic pain for many years. This, however, would leave an incorrect impression with the jury. This is not a case where plaintiff only took prescription narcotic pain medication, under a doctor's careful watch. In addition to taking any properly prescribed medication, plaintiff was taking additional narcotics in the form of cocaine and heroin. As such plaintiff's prior lengthy substance abuse is probative to impeach plaintiff's expert's opinions concerning causation of the plaintiff's surgery, and his subsequent disability. Plaintiff seeks to blame both on Dr. Sood.

Furthermore, plaintiff's substance abuse should also be admissible to impeach his credibility. During plaintiff's deposition he admitted that he lied in court concerning his substance abuse. During his sentencing for the charge which incarcerated him at the WCADF he told Judge Rozak that he had used cocaine about two days prior to the

September 13, 2001 hearing. (See p. 6, September 13, 2001 transcript attached as Exhibit B)

During his deposition plaintiff admitted that he not been truthful in the following exchange:

    Q: Do you recall telling Judge Rozak on September 13 that you had taken cocaine just two days before?

    A: I told him that, yes, because I walked in there and I expected a deal then. I didn't know what to say. They had me in a bind.

    Q: Was that the truth, or that wasn't the truth?

    A: That wasn't the truth.
(Plaintiff's dep. p. 97, attached hereto as Exhibit D)

Plaintiff's prior substance abuse should therefore, also be admitted to impeach plaintiff on this false statement.

WHEREFORE, defendant, Dr. Kul Sood respectfully requests this Honorable Court deny plaintiff's Third Motion in Limine, and grant such other further relief as the court deems just and proper.

                                                       CHARYSH & SCHROEDER, LTD.


                                                       /s/ Michael J. Charysh_____

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: