IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 7266 |
| v. | ) |
| | ) Judge Brown |
| DR. KUL SOOD, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FOURTH MOTION *IN LIMINE* TO BAR REFERENCE TO CERTAIN HEALTH CONDITIONS**

Defendant, Dr. Kul Sood, by his attorneys Charysh & Schroeder, Ltd., and for his response to plaintiff's fourth motion *in limine* to bar reference to certain medical conditions of plaintiff states:

Plaintiff claims that his medical history outside of his gastrointestinal issues is not relevant and should be barred. While putting his medical condition at issue, he essentially seeks to preclude any and all other relevant evidence relating to this topic. Included in the items plaintiff wishes to bar is reference to plaintiff's orthopedic treatment and his arthritis. These are clearly relevant. Plaintiff's expert, Dr. Himmelman testified that he found the continued administration of certain narcotic medication "incongruent." (See Himmelman dep. p. 84-85, attached as Exhibit A) Dr. Franklin, plaintiff's other expert, testified that one of the first things he would have done had he examined Mr. Holmes was to reduce his narcotic medications to a minimum. (Franklin Dep. p. 126-127, attached as Exhibit B) It would be important and clearly relevant that when plaintiff was booked into the WCADF he was on prescription narcotics for his

orthopedic pain, namely his hips.  Such testimony is relevant and clearly not barred by FRE 403.

Plaintiff also seeks to prohibit any mention of any other medical issues including his asthma, hemorrhoids, and erectile dysfunction all of which relate to his current medical situation.  Plaintiff is seeking compensatory damages in this case for physical and mental suffering.  (See p. 8, Final Pretrial Order)  As the plaintiff is seeking recovery for physical and mental suffering, a jury should be allowed to know of the other serious chronic medical conditions plaintiff was suffering from at the same time as the injuries he is alleging in this case.  Defendant does not wish to go into these issues for the purpose of embarrassing Mr. Holmes.  Defendant previously stipulated not to make reference to issues which are embarrassing, yet not probative of the matters at issue in this case.  These issues include, the fact that Mr. Holmes' son was born prior to his marriage to Mrs. Holmes, Mr. and Mrs. Holmes were separated for approximately one year, that plaintiff has 20 siblings, that Mr. Holmes was a shooting victim and that plaintiff has a seventh grade education.  (See Final Pretrial Order, p. 10)

This is plaintiff's medical history, including chronic conditions that plaintiff continues to suffer from.  It would be unduly restrictive and prejudicial to the defendant to prohibit any reference to these conditions when the plaintiff is seeking compensation for pain and suffering allegedly caused by only one of a litany of ailments.  If plaintiff's motion is granted, the jury will be asked to weigh plaintiff's allegations of physical and mental suffering as related to this claimed injury or condition in a vacuum, without knowledge of his other chronic health problems which also cause him physical and mental pain.  While plaintiff assures the court he will not claim that "he can no longer sky

dive," it will be impossible for the jury to accurately and reasonably determine any possible award for any physical and mental suffering without knowing the full extent of his other medical problems.

WHEREFORE, defendant, Dr. Kul Sood respectfully requests this Honorable Court deny plaintiff's Fourth Motion in Limine, and grant such other further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.


 /s/ Michael J. Charysh

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: