IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 7266 |
| v. | ) |
| | ) Judge Brown |
| DR. KUL SOOD, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIFTH MOTION *IN LIMINE* TO BAR FRCP 26(A)(2)(B) TESTIMONY FROM DR. KUL SOOD

Defendant, Dr. Kul Sood, by his attorneys Charysh & Schroeder, Ltd., for his response to plaintiff's fifth motion *in limine* to bar FRCP 26(a)(2)(B) testimony from Dr. Sood states:

Plaintiff's fifth motion *in limine* seeks to bar certain testimony from Dr. Sood on the mistaken basis that "the only Rule 26(a)(2) disclosure made by defendant was a retained expert witness, Dr. Clark." Plaintiff correctly notes that Dr. Sood is identified as an expert witness in the Final Pre-Trial Order, however incorrectly notes that his expected testimony is not "particularized." Neither of these bases is correct in fact. On August 4, 2004, defendant faxed and mailed to plaintiff the attached correspondence which states:

> In accordance with Rule 26(a)(2), attached is the report of our expert, Dr. John H. Clark.
>
> Additionally, please be advised that Dr. Kul Sood shall testify regarding the care and treatment rendered to the plaintiff at the Will County Adult Detention Facility. He will testify regarding the plaintiff's symptoms and subjective complaints as documented in the record of treatment at the Will County Adult Detention Facility, the records he reviewed of prior treatment as described in his deposition testimony, and the chronic nature of plaintiff's condition as it existed during his treatment. Dr. Sood will testify that the conservative course of care and treatment rendered by him and other medical personnel at the Will County Detention Facility was timely and appropriate in view of the plaintiff's symptoms

and prior medical history. (See attached fax coversheet, correspondence, and fax confirmation, sans report – Exhibit A)

Furthermore, defendant set forth the general nature of Dr. Sood's testimony in the Pre-Trial order with more particularity than plaintiff set forth his expert's anticipated testimony. Plaintiff failed to particularize at all the testimony he plans to elicit from his other treating physicians. As set forth above, and as Exhibit A clearly shows, defendant expressly complied with this court's standing order. As such plaintiff's motion should be denied.

Plaintiff notes in footnote 2 that defendant has filed a motion *in limine* to bar plaintiff from calling plaintiff's other treating physicians as witnesses in this matter. As set forth in defendant's motion, plaintiff did not disclose plaintiff's other treating physicians pursuant to Rule 26(a)(2) and therefore the adage set forth by plaintiff "what is good for the goose is good for the gander" does not apply.

WHEREFORE, defendant, Dr. Kul Sood respectfully requests this Honorable Court deny plaintiff's Fifth Motion in Limine, and grant such other further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.


_/s/ Michael J. Charysh_____

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2006.

By: /s/ Michael J. Charysh
Attorney for Defendant

SERVICE LIST: