IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 02 C 7266 |
| v. | ) | |
| | ) | Judge Brown |
| DR. KUL SOOD, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SIXTH MOTION *IN LIMINE* TO BAR REFERENCE TO THE LENGTH OR DETAILS OF MR. HOLMES' SENTENCE

Defendant, Dr. Kul Sood, by his attorneys Charysh & Schroeder, Ltd., for his response to plaintiff's sixth motion *in limine* to bar reference to the length or details of Mr. Holmes' sentence states:

In plaintiff's sixth motion *in limine* he seeks to limit any mention of the circumstances of his incarceration at WCADF to the fact that he was there from September 13, 2001, to October 12, 2001. Throughout plaintiff's motions *in limine* he is attempting to force the jury to consider this case in a vacuum and in a highly sanitized condition. Plaintiff has brought this case pursuant to 28 U.S.C. §1983 alleging serious violations of his Eighth Amendment rights, he claims rise to the level of cruel and unusual punishment. It must be kept in mind that on September 13, 2001, plaintiff was sentenced to three years in the Illinois Department of Corrections. The reason he was still at the WCADF was that he was allowed to remain there for evaluation for the T.A.S.C. treatment/probation program.

While plaintiff claims this three year sentence did not reflect Judge Rozak's view of the seriousness of the offense, that was, in fact, the sentence that was originally imposed. While plaintiff argues all that is relevant is that he was at WCADF, for "some crime," the jury has a right to know why he was there. Allowing the jury to only know that plaintiff was sentenced, for something (without allowing them to know what that sentence was, or what it was for) and that he was released on probation a month later would allow them to speculate wildly on what Mr. Holmes actually was convicted of, what his sentence was, or why he was at WCADF in the first place.

Further, plaintiff states in his motion that the reason he was released on October 12, 2001, was because Julie Sterr "pleaded with the judge to release" him and refers this court to the court's docket which is attached to the motion as Exhibit C. A review of minute entry for October 12, 2001, does not reflect any such action by Julie Sterr or anyone else. All that is reflected is that a hearing was held on plaintiff's motion to reconsider his sentence, attended by the state's attorney and Mr. Holmes public defender. After that hearing plaintiff's three year sentence was vacated and he was placed an T.A.S.C. probation for 60 months.

Plaintiff no doubt plans on calling Ms. Sterr in an attempt to testify concerning this alleged reason for plaintiff's release. It would be inequitable for plaintiff to attempt to show an alleged reason for plaintiff's release from incarceration but not allow defendant to show why plaintiff was incarcerated at the WCADF after being convicted of a felony.

WHEREFORE, defendant, Dr. Kul Sood respectfully requests this Honorable Court deny plaintiff's Sixth Motion in Limine, and grant such other further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.

 /s/ Michael J. Charysh

Michael J. Charysh (ARDC 6187455)
CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602
(312) 372-8338

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on May 1, 2006.

                                                      By: /s/ Michael J. Charysh
                                                             Attorney for Defendant

SERVICE LIST: