IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

EDWARD HOLMES,                    )
                                  )
                Plaintiff,        )
                                  )     02 C 7266
        v.                        )
                                  )     Magistrate Judge Brown
DR. KUL SOOD,                     )
                                  )
                Defendant.        )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION**
***IN LIMINE* TO BAR PLAINTIFF'S EXPERT AS CUMULATIVE**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY,

and responding to Defendant's first motion *in limine* to bar Plaintiff's expert as cumulative. In

support, Plaintiff states as follows:

Plaintiff has two expert witnesses in this case. The two experts have different

areas of expertise, they bring different medical perspectives to the case, they have reviewed the

case for different purposes, and their testimony addresses different subject matters. One expert is

presented on the issue of liability and the other will testify as to causation and damages.

Defendant's "cumulative" argument ignores the experts' actual opinions and

instead relies on one deposition answer (elicited on cross examination) from Dr. Franklin to

wrongly claim that the experts are giving the same opinion. Even a cursory review of the

experts' Rule 26(a)(2)(B) reports makes clear that the two offer very different opinions and are

far from cumulative (certainly not "unnecessary cumulative" under FRE 403). *See* Exhibits A

and B (reports).

### Dr. Ronald Himmelman

Dr. Himmelman is an emergency room physician. His medical practice involves identifying the needs of patients, triaging those needs and then referring patients to specialists, as well as treating patients where necessary and able. *See* Exhibit C (Himmelman Dep.) at 50-51. Dr. Sood's medical practice at WCADF was substantially the same: "to identify patient's needs, triage those needs, treat them where necessary and where they're able to and otherwise to refer to an outside specialist or to an outside facility if additional care is needed and not available at the medical unit." *See* Exhibit D (deposition of Defendant's expert, Dr. Clark) at 16.

Because of these similarities in their medical practices, Dr. Himmelman reviewed the case from Dr. Sood's perspective, and gave opinions relating to the proper medical response from a reasonable physician in Dr. Sood's position. To do this, Dr. Himmelman reviewed only the medical records that were available to Dr. Sood during his care for Plaintiff at WCADF. *See* Exhibit A (Report). Specifically, Dr. Himmelman's opinions are that: (1) as early as September 17, 2001, Mr. Holmes' symptoms required further "work-up" including x-rays and a surgical consultant; (2) that Mr. Holmes' repeated presentation with abdominal pain, increasing distention, and diminishing bowel sounds should have triggered further examination for bowel obstruction and that these symptoms in combination with Mr. Holmes' medical history required consultation with a specialist; and (3) Dr. Sood failed to take minimally adequate medical steps to respond to Mr. Holmes' symptoms and condition. *Id.*

### Dr. James L. Franklin

Dr. Franklin is a gastroenterologist with 30 years of experience with gastrointestinal medical issues similar to those suffered by Plaintiff. Unlike Dr. Himmelman, Dr.

2

Franklin does not have the same medical perspective as Dr. Sood, and his opinions do not specifically critique Dr. Sood's treatment decisions (or lack thereof). Instead, Dr. Franklin's very specialized expertise is utilized to explain causation and damages. *See* Exhibit B (Franklin Reports). These medical issues are far beyond the expertise of Dr. Himmelman and Defendant Sood, as well as Defendant's correctional medical practices expert, Dr. Clark[1].

The Defendant's Motion distorts the record in claiming that Dr. Franklin's opinion in this case is that "Dr. Sood should have sent Holmes to the hospital for the obstructive series of x-rays." Def. Mot. at ¶ 2. Dr. Franklin offers several opinions, none of which assess the propriety of Sood's failure to send Mr. Holmes for an obstructive series (which is the province of Dr. Himmelman's opinions).[2] The first portion of Dr. Franklin's opinions relates to gastrointestinal medical treatment to reduce colonic distention. *See* Exhibit B. This is the treatment that Dr. Himmelman refers to when he says that a specialist should have been consulted to treat Mr. Holmes. Dr. Franklin is describing the treatment that would have been provided had Dr. Sood sent Plaintiff to a specialist. With this treatment, Dr. Franklin explains, it is likely that the conservative measures would have been successful and Mr. Holmes' course would have been significantly different – including that the surgery removing large portions of

---

[1] *See* Plaintiff's Motion to Bar Portions of Defendants' Expert Report, Dckt. No. 58. The Court denied the motion to bar testimony beyond Clark's expertise without prejudice. *See* Dckt. No. 64. The Motion argued that Dr. Clark was not qualified to testify regarding gastrointestinal medical issues. The Court found, however, that the testimony Plaintiff cited to as evidence of Clark's overreaching was elicited on cross-examination and thus the Court would not strike the answer. The ruling was without prejudice to objections to any specific trial testimony. *Id.*

[2] The testimony cited by Defendant to support the claim that Dr. Franklin is critical of Dr. Sood's decision was elicited on cross examination. Defense counsel asked, "Are you critical of Dr. Sood for not obtaining an obstructive series?" and Dr. Franklin answered that it should have been done. *See* Franklin deposition at 130, attached as Exhibit B to Defendants' Motion.

his colon and leaving him with an ileostomy could have been avoided. *Id* These opinions relate to the very distinct issues of causation and damages.

### The Two Medical Experts Are Not Cumulative

Plaintiff's two experts offer different opinions on different subjects relating to the medical issues in this case. The overlap in the underlying facts, including the undisputed fact that Dr. Sood did not send Holmes out for diagnostic evaluation, does not preclude separate experts. *See Sunstar, Inc. v. Alberto-Culver Co., Inc.*, No. 01-0736, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004) ("this district generally prohibits a party from offering multiple experts to express the *same opinions on a subject*"). Neither the local rule nor the federal rules of evidence prohibit using separate experts to give distinct opinions within the same general subject matter. *See* FRE 403 (allowing the exclusion of "needlessly cumulative" evidence); Form LR 16.1.1, footnote 7 ("Only one expert witness *on each subject* for each party will be permitted to testify absent good cause shown. If more than one expert witness is listed, the subject matter of each expert's testimony shall be specified.")

The court in *Sunstar* explained that the rules do not limit parties to a single expert witness even within the same general subject matter. 2004 WL 1899927, at *25. Instead, the rules seek to prohibit parties from calling multiple witnesses to give redundant testimony: "Multiple expert witnesses expressing the *same opinions* on a subject is a waste of time and needlessly cumulative. It also raises the unfair possibility that jurors will resolve competing expert testimony by "counting heads" rather than evaluating the quality and credibility of the testimony." *Id* (emphasis added). In that case, the court allowed the multiple experts to testify to different opinions within the same general area of Japanese law. *Id* ("This does not mean that

4

Alberto is limited to one testifying expert regarding Japanese law; it is limited to one testifying expert on each subject of Japanese law."). By comparison, in the case cited by Defendant in support of his motion to bar Dr. Franklin, the court struck two of the plaintiff's experts where they offered no independent opinions, but instead simply concurred with two of the other experts. *Hill v. Porter Memorial Hosp*, 90 F.3d 220, 224 (7th Cir. 1996). This is the kind of "needlessly cumulative" expert testimony which the local and federal rules prohibit.

Here, on the other hand, while both experts will give medical testimony, they address different medical issues from different medical perspectives. Dr. Himmelman's testimony assesses Dr. Sood's (non-specialist) response, while Dr. Franklin's testimony explains causation and damages. Dr. Himmelman does not have the expertise to explain the gastrointestinal medical issues of causation and damages, and will not be called on that subject. While Dr. Franklin certainly would be qualified to opine that Dr. Sood failed to provide the medically acceptable treatment, Plaintiff does not offer Dr. Franklin for that testimony or purpose. *See Loeffel Steel Products, Inc. v. Delta Brands, Inc*, 372 F. Supp. 2d 1104, 1122 (N.D. Ill. 2005) (rejecting argument that one expert's testimony should be barred as cumulative based on the availability of others to provide the same testimony, finding that testimony would not be "needlessly cumulative" unless the same testimony was elicited from multiple witnesses). Rather, Dr. Franklin will be called on the subjects of causation and damages.

Some minimal overlap will always exist when experts are reviewing the same underlying facts. The rules do not prohibit this kind of overlap in the facts discussed by experts, but duplicative expert opinions or unnecessarily cumulative evidence. *See, e.g., Industrial Hard Chrome, Ltd. v. Hetran, Inc*, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) (rejecting cumulative

5

argument: "As indicated in their respective expert reports, Bonnano and Devries will offer

testimony on different aspects of the Cell: Bonnano will testify to the design and manufacture of

the Cell, while Devries will testify about the Cell's operation."). In this case, the undisputed fact

that Dr. Sood did not obtain an obstructive series may arise in the testimony of both experts. In

his testimony, Dr. Himmelman will directly assess Dr. Sood's failure to obtain the obstructive

series. Dr. Franklin does not offer an opinion assessing this failure, but he will give testimony

explaining Mr. Holmes' gastrointestinal condition relating to his claim for damages. In that

testimony, he may have to admit that he does not know the exact degree of dilation or necrosis of

Mr. Holmes' colon during the time that Mr. Holmes was under Sood's care because Sood did not

obtain the radiological labs required to make that finding. Thus, while there could be some

minimal overlap in facts discussed by the two experts, their opinions are not the same and that

overlap is necessary to the analysis of the separate medical issues.

      The opinions actually disclosed by Plaintiff's experts in their reports (notably

absent from Defendant's motion) demonstrate that the Defendant is overreaching with this

Motion. The relevant opinion from Dr. Himmelman states, "Dr. Sood failed to appropriately and

adequate work up this patient's abdominal pain and distention . . . This would have entailed

minimally a series of abdominal x-rays called an 'obstructive series.'" *See* Exhibit A. The

relevant portion of Dr. Franklin's opinion does not even address this issue, but explains the

medical treatment that a specialist would provide to reduce colonic distention, such as that

experienced by Mr. Holmes:

> The proper treatment for colonic ileus includes recognition through clinical
> assessment and radiologic examination of the abdomen, placing the patient on
> intravenous fluids, naso-gastric decompression, attempting to withdraw

6

narcotic medications and correcting any electrolyte imbalance (low potassium). Conservative measures such as the use of a rectal tube, small tap water enemas to remove fecal material can be employed to reduce the dilation of the colon. In some instances intravenous prostigmine can reduce acute colonic dilation. If these measures fail, colonscopic decompression can be attempted and if this fails surgical intervention becomes necessary to prevent colonic perforation from increasing colonic distention.

*See* Exhibit B (May 14, 2004 Report, page two).

These opinions are not the same, and are not" unnecessarily cumulative," if cumulative at all. At the deposition of Dr. Franklin, defense counsel pointed to the first portion of the first sentence (not even the entire sentence), and then asked if Dr. Franklin was critical of Dr. Sood for not sending Holmes out for an obstructive series, to which he answered that it "should have been done." *See* Franklin deposition at 130, attached as Exhibit B to Defendants' Motion. The answer elicited on cross-examination at the deposition cannot be a basis to exclude an expert where it goes beyond the opinions that were proffered. The opinions of the experts are not duplicative, Defendant's motion is baseless and should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's first motion *in limine*.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900