IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

EDWARD HOLMES,                    )
                                  )
            Plaintiff,            )
                                  )        02 C 7266
      v.                          )
                                  )        Magistrate Judge Brown
DR. KUL SOOD,                     )
                                  )
            Defendant.            )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION _IN LIMINE_
TO BAR EXPERT OPINION TESTIMONY WHICH HAS NOT BEEN DISCLOSED**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY &

LOEVY, and responding to Defendant's second motion _in limine_ to bar expert opinion testimony

which has not been disclosed pursuant to Rule 26(A)(2) and this Court's Standing Order. In

support, Plaintiff states as follows:

Defendant's second motion _in limine_ misunderstands the rules of disclosure and

the nature of the witnesses in this case. Defendant claims to seek to bar witnesses listed in the

Pre-Trial Order from giving improper opinion testimony. Def. Mot. at ¶ 8. However, pursuant to

this Court's trial preparation standing order, Plaintiff specifically designated the witnesses who

would give expert testimony — the two retained experts disclosed pursuant to FRCP 26(a)(2).

_See_ PTO, Section 4. During the discovery period, pursuant to this Court's order, Plaintiff

specifically disclosed that no other witnesses, including the disclosed medical treaters, would

give opinion testimony. All of the witnesses that Defendant seeks to bar are fact witnesses who

were properly disclosed pursuant to FRCP 26 and this Court's orders. This Motion grossly

overreaches and should be denied.

### Plaintiff's Surgeon, Dr. Saeed Darbandi

Defendant seeks to bar treating physician Dr. Darbandi despite the fact that he was disclosed as a witness in Plaintiff's 2003 Rule 26(a)(1) disclosures, in Plaintiff's 2004 interrogatory responses and pursuant to the Court's order in February 2004 as a non-opinion treater fact witness. *See* Group Exhibit A (Rules 26(a)(1) disclosures and discovery) and B (February 18, 2004 letter disclosing three treaters to potentially be called at trial).

More than two years ago, at the January 24, 2004 status hearing, the Court discussed the Rule 26(a)(2) requirements, distinguishing between opinion witnesses — whether treaters or retained — who would require a FRCP 26(a)(2)(B) written report and treater physicians who would not give opinion testimony, but would be limited as fact witnesses to describing the symptoms, the records, diagnosis and treatment provided. The Court instructed the parties to make the necessary disclosures before conducting the depositions of the medical treaters, and to propose an amended schedule. Plaintiff thereafter disclosed that he would not call any of his treaters to testify as opinion witnesses, and disclosed in writing the physicians, including Dr. Darbandi, that he would potentially call to testify at trial as non-opinion fact witnesses. *See* Exhibit B and Joint Motion to Amend Discover Schedule, Dckt. No. 42, ¶ 3 ("Pursuant to this Court's standing order, Plaintiff has disclosed to Defendants that he intends to call the treating physicians to testify only as treaters and to not give testimony on causation, prognosis, future impact subject to Rule 26(a)(2)").[1]

---

[1] Defendant disingenuously claims that Plaintiff did not make specific disclosures. *See* Mot. at ¶ 11. This kind of gamesmanship should not be tolerated by the Court. Plaintiff's counsel made the specific disclosures in writing in February 2004. *See* Exhibit B (identifying Dr. Saeed Darbandi and two others as potential trial witnesses).

2

Defendant also seeks to bar Dr. Rotnicki, a physician at Silver Cross Hospital where Plaintiff received treatment in October 2001. Dr. Rotnicki was disclosed through documents, but has not been deposed in this matter. Plaintiff is willing to withdraw Dr. Rotnicki from his trial witness list.

### Defendant Kul Sood

Dr. Sood is, obviously, the defendant in this case and will be called as such. Plaintiff will not seek to elicit any expert opinion testimony from Dr. Sood, nor does Plaintiff believe that Dr. Sood would be qualified to give such testimony. *See* Plaintiff's Fifth Motion *in Limine* to Bar FRCP 26(a)(2)(B) Testimony From Defendant Dr. Sood.

### Social Worker Julie McCabe

Inexplicably, Defendant seeks to bar opinion testimony from witness Julie McCabe (Sterr) even though she was not involved in treating Mr. Holmes in any manner and, in fact, is not even a medical professional. Ms. McCabe is a social worker who helped to obtain Mr. Holmes' court ordered release from WCADF in October 2001. She is a fact witness in this case, and she was properly disclosed as such in Plaintiff's 2003 Rule 26(a)(1) disclosures and in Plaintiff's 2004 interrogatory responses. *See* Exhibit A. Ms. McCabe was deposed in this matter in January 2004. Her testimony relates to what she saw, observed and perceived, as well as the fact that she communicated her concern for Mr. Holmes' life to members of the WCADF medical unit staff. Plaintiff will not call upon Ms. McCabe to give opinion testimony.

### Plaintiff's Sister, Dottie Clark

Likewise, witness Dottie Clark is a fact witness, not a treater or an opinion witness. Ms. Clark is Plaintiff's sister. Although she happens to be a nurse in her professional

3

life, she not a witness in that capacity in this case.[2]  She spoke with Plaintiff while he was

incarcerated at WCADF and visited him in the hospital after his release.  She is a witness to his

injuries, pain, and suffering both during and after his release from WCADF.  She was properly

disclosed as a witness in Plaintiff's 2003 Rule 26(a)(1) disclosures and in Plaintiff's 2004

interrogatory responses.  *See* Exhibit A.  Ms. Clark was deposed in this matter in March 2003.

### The Wexford Health Sources Nurses

Next, Defendant seeks to bar the Wexford Health Sources, Inc. nurses, who

worked in the medical unit under Dr. Sood's direction, from testifying at trial.  Plaintiff properly

disclosed the then-unidentified WCADF medical staff as witnesses in his January 2003 Rule

26(a)(1) disclosures and his February 2004 interrogatory responses.  *See* Exhibit A.  In discovery,

the nurses who made entries in Plaintiff's medical records were identified as Christine Keenan,

Mary Jo O'Sullivan, John Petrocelli, Cindy Boston and Carleen Sloan.  These witnesses are not

subject to Rule 26(a)(2) because they are not expert witnesses, and will not give opinion

testimony.  Also, because they are not "treating physicians," they are not subject to this Court's

Standing Order On Expert Disclosure and Discovery, which requires that all "treating

physicians" be identified pursuant to Rule 26(a)(2)(A).

Early in discovery, long before the Rule 26(a)(2) disclosures, Plaintiff noticed

these witnesses for deposition.  *See* Group Exhibit D.  After multiple deposition notices, former-

Defendant Wexford Health Sources, Inc. (represented by the same counsel as Defendant Sood)

---

[2]  Ms. Clark testified at her deposition that she did not have knowledge of the treatment provided
to Mr. Holmes at WCADF and she was not giving medical testimony. *See* Exhibit C (deposition)
at 42-45, 54. Her knowledge of this case relates to what she saw, observed and perceived of her
brother's injuries, pain and suffering. *Id* at 19-36.

finally produced nurses O'Sullivan, Petrocelli, Boston and Sloan (among others) in January

2004. By that time, Christine Keenan was no longer employed by Wexford and defense counsel

produced her last known address. Eventually, Plaintiff's counsel was able to contact Ms. Keenan

and obtain an affidavit from her, which was produced on April 6, 2004. *See* Exhibit E (cover

letter and affidavit). The affidavit describes her observations of Mr. Holmes' condition while he

was at WCADF and Dr.Sood's response to that condition, as she observed it. *Id.* For whatever

reason, Defendants chose not to depose Ms. Keenan. Defendant seems to suggest that the fact

that she was not deposed means that Plaintiff cannot call her to testify at trial. *See* Mot. At ¶ 19.

The rule, however, is that parties may not use *undisclosed* evidence at trial. FRCP 37(c).

Plaintiff has no obligation to insure that the defense deposes *disclosed* witnesses, and Plaintiff

cannot be sanctioned for Defendant's failure to do so.

Without citation to legal authority, Defendant also argues that Dr. Franklin,

Plaintiff's expert witness, cannot rely on Ms. Keenan's sworn affidavit. Ms. Keenan is a fact

witness, not an opinion or expert witness. The experts can rely on her affidavit just as they can

rely on the deposition testimony of the parties and the other witnesses in order to determine what

occurred while Mr. Holmes was at WCADF.

Defendant further insists that all of the nurses should be barred from testifying

because, he alleges, the "only relevant testimony would be based on scientific, technical, and

specialized knowledge . . ." *See* Mot. at ¶ 16. This is ridiculous. The nurses can testify to their

observations, their notes in the medical records, and their knowledge of the practices at the

WCADF medical unit.[3]  These are fact witnesses, they were properly disclosed by Plaintiff and identified by name in discovery.

### Plaintiff's Disclosures Fully Complied with FRCP 26

All of these witnesses were properly disclosed pursuant to Rule 26 in the discovery period. The *Musser* decision, cited by Defendant's Motion, describes the Rule 26 witness disclosure requirements in three categories. *Musser v. Gentiva Health Services*, 356 F.3d 751, 756 (7th Cir. 2004). The first category is that of fact witnesses who must be disclosed pursuant to FRCP 26(a)(1); the second are witnesses who will give opinion testimony under to Federal Rules of Evidence 702, 703, or 705 and therefore must be disclosed pursuant to FRCP 26(a)(2); and the third are retained expert witnesses who not only must be disclosed but also must provide a written report pursuant to FRCP 26(a)(2)(B). *Id.* at 756-57.[4]

Contrary to Defendant's assertions, the only witnesses that will be giving opinion testimony under FRE 702, 703, or 705 are the retained experts, Himmelman and Franklin, both of whom were properly disclosed as such. All of the remaining witnesses discussed in Defendant's motion fall into the first category described by *Musser*, and were properly disclosed pursuant to FRCP 26(a)(1). Additionally, pursuant to this Court's order, treating physician Dr.

---

[3] Other than Christine Keenan all of the nurses deny any recollection of Mr. Holmes. Thus, if called to testify, their testimony will be based on their recordings in the medical record and the usual practices at the WCADF medical unit. If Dr. Sood attempts to shift the blame to the nursing staff, Plaintiff will have to call them to testify, as they did in their depositions, that Dr. Sood was solely responsible for all medical treatment decisions, that their role was to carry out his orders, and that it was their practice to fully inform him of the patient's condition and symptoms. *See* Exhibits F (O'Sullivan), G (Petrocelli), H (Boston), and I (Sloan).

[4] This Court's standing order further requires that all treating physicians be disclosed pursuant to FRCP 26(a)(2), but that only those giving opinion testimony are required to give a written report. Dr. Darbandi was disclosed pursuant to each of these rules as a fact (non-opinion) witness.

Darbandi was also disclosed as non-opinion treater witness in February 2004. Plaintiff has complied with the federal rules, local rules, and this Court's orders. Defendant's motion is therefore baseless and should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's second motion *in limine*.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

7