IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 7266 |
| v. | ) |
| | ) Magistrate Judge Brown |
| DR. KUL SOOD, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD MOTION *IN LIMINE* TO PROHIBIT THE DISPLAY OR PUBLICATION OF THE FIVE PHOTOGRAPHS IDENTIFIED AS PLAINTIFF'S EXHIBIT #1

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, and responding to Defendant's third motion *in limine* to prohibit the display or publication of the five photographs identified as Plaintiff's exhibit #1. In support, Plaintiff states as follows:

Defendant asks this Court to bar Plaintiff from introducing into evidence five photographs taken of Mr. Holmes the day after his release from WCADF. At trial, Plaintiff will establish a foundation that the photographs depict Mr. Holmes as he appeared during events at issue in this case. Mrs. Holmes's affidavit already provides this foundation – that the photographs accurately depict Mr. Holmes' appearance in the final week at WCADF, as well as on the day that they were taken – and other evidence of the same will be presented at trial. Because these photographs are highly relevant evidence as defined by FRE 401, and the foundation will be established at trial, Defendant's Motion must be denied. *See Hawthorne Partners v. A.T & T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill 1993) (evidence may be excluded *in limine* only when it is "clearly inadmissible on all potential grounds").

The photographs are extremely relevant to several issues. First, the photographs, which depict Mr. Holmes severely emaciated and distended, are relevant to show Defendant's knowledge of Plaintiff's condition and need for treatment. To prove his claims, Mr. Holmes must show both the need for treatment of an objectively serious medical condition and Defendant's knowledge of the risk presented if treatment is not provided. *Farmer v. Brennan*, 511 U.S. 825, 834-837 (1994). A condition is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention." *Greeno v. Daley*, 414 F. 3d 645, 653 (7th Cir. 2005). Further the "inquiry into deliberate indifference is a subjective one that asks whether 'the prison official acted with a sufficiently culpable state of mind.'" *Norfleet v. Webster*, 439 F.3d 392, 395 (7th Cir. 2006) *quoting and citing Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted).

The photographs offer important evidence that Mr. Holmes' condition was visibly and obviously serious, if not directly to Sood himself then indirectly through the nurses who regularly informed him of Holmes' condition. The photographs provide evidence that Mr. Holmes' condition was not the steady progression of chronic abdominal problems that Sood claims, but that an acute process had superceded Holmes' chronic condition. The photographs show that this was so obvious that even a lay person would easily recognize the necessity of medical treatment beyond the previously prescribed (and no longer effective) pain medication that constituted Dr. Sood's "treatment plan."

As this Court properly found in denying Sood's motion for summary judgment, the "photographs show that Holmes was grossly distended, which would have been obvious to

2

any layperson." *Holmes v. Sood*, 2005 WL 3436389, at *4 (N.D. Ill. Dec. 9, 2005). At his deposition Sood admitted that if Mr. Holmes appeared as he did in the photos while at WCADF, then he should have been referred to a hospital. *See* Exhibit A at 120. Dr. Sood explained that because of Mr. Holmes' "chronic history of abdominal problems" if the symptoms changed suddenly, such as abdominal distention, constipation and low bowel sounds, then Holmes would require medical treatment. *See* Exhibit A at 120-21. This is exactly what Plaintiff claims did occur while he was incarcerated at WCADF.

Defendant's argument that the photographs are not relevant because Sood did not personally observe Mr. Holmes after September 26, 2001 is a nonstarter. It is undisputed that Sood was responsible for Mr. Holmes' medical treatment during the entire time that Mr. Holmes was at WCADF, whether or not he was present at the facility. *See* Final Pre-Trial Order, Stipulation No. 3. The deposition testimony of Sood and the nurses establishes that Sood was specifically apprised of Mr. Holmes' condition on at least five occasions after September 26th. *See* Exhibits A and B. The nurses testified that it was their practice to inform Dr. Sood of the patient's condition and symptoms any time that they consulted with him over the phone, which included every time they sought a prescription or treatment instructions. *See* Group Exhibit B (excepted testimony from nurses). The pictures corroborate the fact that the nurses saw Mr. Holmes exhibiting signs of an objectively serious medical condition.

Sood himself testified that the nurses would apprise him of the patient's condition, describing the patient's symptoms, in the phone consultations, which took place on September 27, October 7, 10, 11 and 12, 2001. *See* Exhibit A at 104-106, 112-13, 123-24, 128, 133-34. Furthermore, while Defendant claims in the Motion that he did not see Mr. Holmes in

3

this condition, at his deposition he testified that he could not remember how distended Mr. Holmes was when he saw him. *Id.* at 80-81. The record establishes the relevance of the photographs, regardless of whether Dr. Sood actually saw Mr. Holmes after September 26th (an issue which itself is far from resolved). *See* FRE 401 ("relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

The one and only case cited in Defendant's Motion, *Holbrook v. Norfolk Southern Railway Co.*, 414 F.3d 739 (7th Cir. 2005), fails to provide any support for the argument that the photographs should be barred. Unlike the photographs offered in this case, the *Holbrook* photographs were not supported by any foundation that the areas depicted in the photographs depicted the area at issue in the case. *Id.* at 746. The Court held:

> What dooms the photos, however, is the absence of foundation evidence suggesting that the conditions of the tracks at the time of Holbrook's alleged mishap were in the same, or even similar, condition as depicted in the photographs. The district court noted that neither Filbert nor Holbrook could say whether any of the proffered photos captured the particular location where Holbrook suffered his fall, or an accumulated pool of oil that may be blamed for causing it. Nor, the district judge reasoned, was there any proof that Holbrook ever walked in or near the location depicted in the photos. Whether or not we think the district court's decision to strike the pictures was wrong, we cannot say that it was unreasonable. The district court did not abuse its discretion in granting defendant's motion to strike the photographs.

*Id.* Here, the affidavit of other Marilyn Holmes already establishes the necessary foundation that the photographs accurately depict Mr. Holmes as he appeared on the day that the photographs were taken and during the final week of his incarceration at WCADF.

Furthermore, the photographs are also highly relevant to a separate issue, that of damages. At a minimum, the photographs depict Mr. Holmes' condition on the day that they

4

were taken, shortly after his release from WCADF.[1] Thus, they are undisputably relevant to show the injuries claimed as a result of Sood's deliberate indifference (the delay in obtaining treatment). Together with the testimony establishing that the photographs depict Mr. Holmes as he appeared while at WCADF, they are further evidence of his physical injury and suffering while he was under Sood's care. Plaintiff will be asking the jury to award compensatory damages for his physical, mental, and emotional pain and suffering both during the 30 days that he was under Dr. Sood's care, and for the resulting injuries that occurred thereafter. *See* Seventh Circuit Pattern Civil Jury Instruction No. 7.23 (compensatory damages). These photographs are important evidence of those damages.

While the photographs are certainly prejudicial to Defendant's denial that Plaintiff was suffering anything other than his normal chronic condition, they are highly relevant for multiple purposes and, therefore, cannot be excluded. Virtually all evidence is prejudicial in one sense or another (or else a party would not seek its introduction). The issue is whether introducing the evidence is so unfair that it would substantially outweigh any probative value. *See* FRE 403. The photographs are not unfairly prejudicial since they accurately show Mr.

---

[1] There appears to be a typographical error in the affidavit of Mrs. Holmes attached to Defendant's Motion as Exhibit B. The affidavit states that Mrs. Holmes picked up Mr. Holmes from WCADF and drove him directly to Silver Cross Hospital on October 14, 2001, and that she took the photographs the following day. *See* Def. Mot. Exhibit B. Actually, Mr. Holmes was released from WCADF, and transported by Mrs. Holmes to Silver Cross, on October 12, 2001; the photographs were therefore taken on October 13, 2001. This is an unfortunate error, and Plaintiff apologizes for the confusion. This is an important detail for clarification, however, because Mr. Holmes underwent surgery on the evening of October 14, 2001. Obviously these photographs were taken before the surgery that removed a large portion of Mr. Holmes' colon. Nonetheless, even if the photographs were not taken until October 15, 2001, they would still be relevant and not unfairly prejudicial under FRE 403 for all of the same reasons discussed below.

Holmes' injuries that are the subject of this case. Therefore, Defendants' motion to bar the photographs from evidence must be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's third motion *in limine*.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900