IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD HOLMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 C 7266 |
| v. | ) |
| | ) Magistrate Judge Brown |
| DR. KUL SOOD, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FOURTH MOTION
*IN LIMINE* TO BAR ANY TESTIMONY REGARDING PRIOR CLAIMS**

NOW COMES Plaintiff, EDWARD HOLMES, by his attorneys, LOEVY & LOEVY, and responding to Defendant's fourth motion *in limine* to bar any testimony regarding prior claims. In support, Plaintiff states as follows:

Defendant's fourth motion *in limine* overreaches by seeking to bar an entire category of evidence without any substantive discussion of the evidence or the various bases for admission. Defendant fails to provide even the most basic information regarding his other lawsuits, such as the number of prior suits and the issues in dispute in those matters. This information has been withheld not only from Defendant's Motion, but from discovery in this case. At Defendant Sood's deposition and in his sworn interrogatory responses, he testified that he had only been sued three other times. Recent investigation has demonstrated that those responses were far from true. In fact, Plaintiff has recently identified fifty-four other cases in which Sood is a Defendant.

Without information about the number of other lawsuits and the nature of those suits, it is impossible for the Court to determine that the evidence is not potentially relevant. *See*

*Acevedo v. Canterbury*, No. 03 C 0073, 2004 WL 1166602, at *1 (N.D. Ill. May 24, 2004) ("Motions *in limine* should be granted only when the evidence under attack is clearly inadmissible on all potential grounds.") citing *Hawthorne Partners v. A.T. & T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill 1993). At this time – with the investigation continuing – at least three bases exist for admitting the evidence of prior lawsuits and, depending upon how the evidence goes at trial, there may be more yet. Therefore, barring the evidence *in limine* would be inappropriate.

### 1. Evidence of Prior Lawsuits is Admissible for Impeachment Purposes

The courts in this District have consistently found that prior lawsuits may be admissible for impeachment purposes. *See, e.g. Gregory v. Oliver*, No. 00 C 5984, 2003 WL 1860270, at *3 (N.D. Ill. April 9, 2003) (denying motion to exclude prior civil lawsuits, it may be "sound to the extent that it may properly bring Evid.R. 404(b) into play, but it does not take into account any potential for exceptions to that rule"); *Brown v. Jennings*, No. 92-8137, 1994 WL 75423, at *3 (N.D. Ill. March 8, 1994) (denying motion to exclude on grounds that evidence of prior lawsuits may be used for impeachment purposes).

Dr. Sood has been sued numerous times for his failure to provide medical care to patients at WCADF and other institutions. This evidence may be relevant and admissible if at trial he attempts "to paint himself [] in a positive light" in terms of his employment as a correctional medical director, such as he did in his deposition when he denied ever losing a case. *See* Exhibit A (Sood Dep.) at 45. *See Acevedo,*, 2004 WL 1166602, at *2 (refusing to bar evidence of disciplinary histories which may be admissible for rebuttal purposes at trial). *See also, Alexander v. Mount Sinai Hosp. Medical Center of Chicago*, No. 00-2907, 2005 WL 3710369, at *2 (N.D. Ill. Jan. 14, 2005) (denying motion to bar evidence of prior medical

malpractice claims, "At first glance, the danger of unfair prejudice could implicate Fed.R.Evid. 403. However, when offered for another purpose (to cure improper bolstering of the witness on direct or for impeachment purposes, for example), the testimony may become sufficiently probative to support its admissibility. The necessary context is absent without the fuller framework of trial.").

### 2. Because of Sood's Perjured Testimony, The Evidence of Prior Lawsuits is Admissible In This Case Under Federal Rule of Evidence 608(b)(1)

Both at his deposition and in his sworn interrogatory responses, Dr. Sood lied about his prior lawsuits. *See* Exhibit A (Sood Dep.) at 38-49 and Exhibit B (interrogatory number 2). In both, Dr. Sood claimed to have only been sued three times. *Id.* At his deposition, Dr. Sood further testified under oath about the three lawsuits, claiming that he did not do anything wrong and was only named as a defendant because of his position as medical director. *See* Exhibit A at 49. However, it has since become known that Dr. Sood has actually been sued at least thirty-three times in the Northern District of Illinois[1] and twenty-one times in the Will

---

[1] *Williams v. Mote, Sood, et al.*, No. 96-cv-1823; *Evans v. Miller, Sood, et al.*, No. 94-cv-4208; *Russo v. Palmer, Sood, et al.*, No. 97-cv-1969; *Simpson v. Cooper, Sood*, No. 94-cv-4704; *McCullum v. Peters, Sood*, et al., No. 94-cv-4366; *Holman v. Sood*, No. 94-cv-5347; *Stewart v. Cooper, Sood, et al.*, No. 94-cv-5878; *Hart v. Ramos, Sood*, No. 95-cv-0296; *Rutledge v. Romero, Sood, et al.*, No. 99-cv-3453; *Jones v. Natesha, Sood, et al.*, No. 00-cv-4499; *Dobbs v. Sood et al.*, No. 01-cv-4899; *Benford v. Brewer, Sood et al.*, No. 91-cv-3209; *Bunn v. Brewer, Sood, et al.*, No. 91-cv-3460; *Williams v. Peters, Sood*, No. 92-cv-7846; *Gonzalez v. Godinez, Sood, et al.*, No. 94-cv-4903; *Hampton v. Peters, Sood, et al.*, No. 94-cv-6156; *Jones v. Sood, et al.*, No. 95-cv-1345; *Roberts v. Godinez, Sood, et al.*, No. 95-cv-2384; *Hale v. Washington, Sood, et al.*, No. 95-cv-5015; *Young v. Romero, Sood, et al.*, No. 97-cv-3267; *Williams, v. Illinois Dept. Of Corrections, Sood, et al.*, No. 97-cv-3475; *Davis v. Sood*, No. 98-cv-3963; *Williams v. Joliet Corrections, Sood, et al.*, No. 98-cv-7559; *Terry v. Snyder, Sood, et al.*, No. 99-cv-5395; *Lamb v. Cooper, Sood, et al.*, No. 96-cv-5723; *Alan et al., v. Suh, Sood*, No. 99-cv-4622; *McCutcheon v. Sood*, No. 99-cv-0932; *Stokes v. Sood et al.*, No. 01-cv-3778; *Meeks v. Shuman, Sood, et al.*, No. 95-cv-3010; *Watt v. Office of Will County Sheriff, Sood*, et al., No. 06-cv-0847; *Paul De La Paz v. Shuman, Sood, et al.*, No. 98-cv-3108; *Jackson v. Washington, Sood*, No. 99-cv-4225; *Cooper v. Kaupas, Dr. Sood, et al.*, No. 03-cv-5064.

County Circuit Court[2]. Contrary to Sood's deposition testimony, many of those cases contain allegations specifically against Sood for his own conduct.

The post-discovery events relating to Sood's responses further demonstrate that Sood's testimony was no mistake, but a purposeful effort to obstruct the discovery. During the summary judgment briefing, and thereafter, Defendant was put on notice that the previous discovery responses were not complete, and yet he failed to supplement those responses as is required by the Rules. *See* FRCP 26(e)(1) (duty to supplement discovery disclosures to reveal incomplete, incorrect or additional information). Last year, while conducting research for the summary judgment briefing, Plaintiff came across the case of *Stokes v. Sood*, No. 01-2778, 2001 WL 1518529, at *2 (N.D. Ill. Nov. 29, 2001). Subsequently, Plaintiff brought the case to Defendant's attention, and asked for the discovery to be supplemented. *See* Exhibit C (multiple correspondence seeking supplemental discovery relating to *Stokes*). While defense counsel evaded the requests, claiming to not have any documents relating to the *Stokes* case, (*see* Exhibit C, defense counsel's letter of March 9, 2006), there can be no doubt that upon learning of the omission of the *Stokes* case, the defense knew that the interrogatory responses, and deposition testimony, were not accurate and should have been supplemented.

In preparation for this Motion, Plaintiff's counsel conducted a broader investigation and discovered the numerous other cases, including at least three additional cases in

---

[2] *Woods v. Sood, et al.*, No. 96 MR 5580; *Johnson v. Sood, et al.*, No. 96 MR 5586; *Williams v. Sood, et al.*, No. 96 MR 5594; *Powell v. Sood, et al.*, No. 96 MR 5597; *Thompson v. Sood, et al.*, No. 96 MR 5598; *Trimble v. Sood, et al.*, No. 96 MR 5876; *Badon v. Sood, et al.*, No. 96 MR 5892; *Chapman v. Sood, et al.*, No. 96 MR 5910; *Koch v. Sood, et al.*, No. 96 MR 8670; *Dixon v. Sood, et al.*, No. 96 MR 9333; *Evans v. Sood, et al.*, No. 96 MR 9927; *Trujillo v. Sood, et al.*, No. 98 MR 0870; *Jackson v. Sood, et al.*, No. 99 MR 0003; *Williams v. Sood, et al.*, No. 00 MR 0497; *Hanes v. Sood, et al.*, No. 02 L 0334; *Kut, et al., v. Sood, et al.*, No. 02 L 0335; *Winters v. Sood, et al.*, No. 03 MR 0812; *Cooper, et al., v. Sood, et al.*, No. 05 L 0805.

this District in which Sood was represented by the same law firm as in this case.[3] Plaintiff had a right to rely on the discovery responses, and Defendant had an obligation to supplement those responses as new information came forward. Defendant's failure to initially respond truthfully, combined with his subsequent failure to supplement the response demonstrates that he not only gave untruthful sworn testimony, but purposefully misled and obstructed Plaintiff's discovery efforts.

This act of deceit is admissible under the rules of evidence to impeach Sood's credibility. *See Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1566 (7th Cir. 1990) (Rule 608(b) allows questioning about acts that involve fraud or deceit, including perjury and false statement). Under FRE 608(b)(1), "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of . . . truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . ."

This rule allows for cross-examination on acts that demonstrate untruthfulness. Giving perjured testimony in order to obstruct the discovery into other lawsuits certainly fits that category. *See, e.g., United States v. Smith*, 80 F.3d 1188, 1193 (7th Cir. 1996) (allowing cross-examination regarding thefts under 608(b) because "acts of theft ... are, like acts of fraud or deceit, probative of a witness's truthfulness or untruthfulness."); *Young v. James Green Management, Inc.*, 327 F.3d 616, 626-27 (7th Cir. 2003) (upholding cross-examination of witness

---

[3] *Brian Jones v. Natesha, Sood, et al.*, No. 00 cv 4499; *Tracy Dobbs v. Sood, et al.*, No. 01 cv 4899; *James Cooper v. Paul Kaupas, Sood, et al.*, No. 03 cv 5064.

regarding prior accusation of theft in employment discrimination case); *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (upholding cross-examination regarding prior derogatory statement elicited to impeach plaintiff's assertion that he no longer had a bad attitude toward women and no longer used bad language); *Vincoy v. U.S.*, No. 97-0296, 1999 WL 33103125, at *3 (D.N.M. Feb. 8, 1999) (allowing cross-examination regarding deposition testimony that witness' law school grades that "could be viewed as false, evasive or misleading . . . Although Mr. Rubano's law school grades may not be relevant, his credibility under oath is relevant.").

### 3. Evidence of Prior Lawsuits May Be Admissible to Show Intent

Plaintiff has the difficult burden of proving the subjective element of the deliberate indifference standard. This is no easy task; Plaintiff must show that Defendant Sood not only knew of Plaintiff's condition, but was also subjectively aware of the risk that the condition presented to Mr. Holmes if treatment was not provided, and that he consciously disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (deliberate indifference requires that the defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm").

Specific evidence relating to these lawsuits may be relevant to show that Dr. Sood was on notice that the symptoms exhibited by Mr. Holmes presented serious risk of substantial harm to Mr. Holmes, and that treatment was necessary. *Medley v. Turner*, No. 93 C 322, 1995 WL 296942, *2 (N.D. Ill. May 12, 1995) (denying a motion to bar a prior lawsuit against the defendant where it was relevant to establish intent and/or absence of mistake under FRE 404(b)). *See also, Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004) (refusing to bar disciplinary histories which may be admissible evidence of intent or absence of mistake).

Plaintiff will not seek to conduct "mini-trials" into the disputed issues from other lawsuits, including whether or not Dr. Sood acted appropriately. Instead, Plaintiff would only ask pointed and limited questions for the purpose of establishing notice (such as, for example, that a condition requires treatment). For example, a 2001 lawsuit was brought by one of Dr. Sood's patients who suffered symptoms of "chronic and excruciating" abdominal pain, irregular bowel movements, and distention. *Stokes v. Sood*, No. 01 C 2778, 2001 WL 1518529, at *2 (N.D. Ill. Nov. 29, 2001). Dr. Sood did not conduct any diagnostic or internal examination, but did place Stokes in the infirmary. When Stokes' abdomen was six to eight inches distended, he was taken to the hospital. *Id.* It was too late, however; Dr. Sood had waited too long and ninety-five percent of Stoke's small bowel had to be removed in surgery. *Id.*

From this experience, not long before Plaintiff arrived at WCADF, Dr. Sood knew the symptoms of a bowel obstruction and the very dire consequences of delaying treatment. Nonetheless, in this case, he denies that Mr. Holmes, who suffered from similar symptoms as Stokes, was suffering from any acute medical process. Thus, the *Stokes* case is potentially relevant to demonstrate Dr. Sood's subjective knowledge that Mr. Holmes' severe abdominal pain, increasing distention, and irregular bowel movements presented a very significant risk to his life and well-being. Likewise, the case of *Brian Jones v. Natesha, Sood, et al.*, Case No. 00 C 4499, is potentially relevant for the disparities in treatment provided by Dr. Sood to Jones, who suffered from recurrent rectal bleeding associated with an inflammatory bowel process.

Plaintiff will not seek to prove that Dr. Sood was deliberately indifferent in any particular case, but may use specific details from those that are sufficiently similar to establish notice of relevant medical issues. Such limited questioning on discreet medical issues that Sood

has previously encountered would, therefore, not seek to establish propensity, or even prior bad acts, in any manner, and would therefore be admissible under the rules.[4]

### 4. The Motion Should Be Denied Because the Information Relating to the Prior Lawsuits Is Still Being Gathered

Because of Defendant's obstruction of this discovery, Plaintiff is only now discovering the full extent and nature of these other claims. Once learned, this information may present additional bases for admissibility. However, at this time, neither Plaintiff nor the Court is equipped with all of the relevant information regarding past claims against Dr. Sood and his defenses to those claims, including whether they contain similar medical issues to the case here.

Thus, Plaintiff requests that the motion to bar reference to any prior claims or lawsuits be denied. *Acevedo*, 2004 WL 1166602, at *1 ("The admissibility of some proposed evidence cannot be determined without a proper frame of reference, and motions in limine pertaining to such evidence should be denied."). *See also Lopez v. City of Chicago*, No. 01-1823, 2005 WL 563212, at *9 (N.D. Ill. 2005) ("we cannot find in the abstract that all such evidence would be irrelevant or inadmissable"); *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02-3293, 2004 WL 2367740, at *8 (N.D. Ill. Oct. 15, 2004) ("To the extent that Plaintiff demonstrates at trial that evidence of other claims or lawsuits involving Defendant, or of Defendant's collateral bad acts bears upon its character and reputation, that evidence may be admissible.").

---

[4] The evidence at issue would meet this Circuit's four prong test for admissible of prior bad acts: (1) the evidence is directed toward establishing something at issue other than Sood's propensity to commit the act charged (deliberate indifference); (2) at least some of the lawsuits are similar enough and close enough in time to be relevant to this issues in this case; (3) the evidence is such that the jury could find that the act (the treatment of the patient) occurred and Sood committed it; and (4) the prejudicial effect of the evidence does not substantially outweigh its probative value. *Gastineau v. Fleet Mortgage Co.*, 137 F.3d 490, 494-95 (7th Cir. 1998).

As this Court has previously held in another matter, "rulings on evidence ordinarily should be deferred until trial when they may be resolved in the proper context... The movant bears the burden of showing that the evidence that it seeks to preclude is "clearly inadmissible." *Chicago Prime Packers, Inc. v. Northam Food Trading Co.*, No. 01-4447, 2003 WL 21704439, at *1 (N.D. Ill. July 22, 2003) (internal citations and quotation omitted). In this case, the movant himself has shielded the evidence from the discovery process. This kind of discovery abuse is sanctionable under the federal rules; certainly Defendant should not able to benefit from it by excluding the evidence from trial that is now coming to light.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's fourth motion *in limine*.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Michael Kanovitz
Amanda Antholt
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900